UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., a/s/o VILLAGE AT CAMELBACK PROPERTY OWNER ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUEENSBORO FLOORING CORP., <br><br> Defendants. | CIVIL ACTION NO. 3:10-CV-1559 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania. Several cases have been consolidated into this one action. The present dispute concerns the parties originally named in *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, which was joined into this consolidated action on March 15, 2012. (Doc. 31). Arkadiusz Piotr Pozarlik and Agnieszka Zofia Pozarlik (the "Pozarliks") are plaintiffs asserting negligence and loss of consortium claims against several defendants, including the Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic (together, the "Defendants").[1]

---

[1] The Court notes that the Pozarliks address their motions to a third defendant as well, Camelback Associates, Inc. t/d/b/a The Village at Camelback ("Camelback Associates"). Although the docket identifies all three defendants as being represented by the same counsel, a closer examination of the papers filed in this matter indicates that defense counsel has entered their appearance on behalf of the property owners association and Simoncic only. Aside from

*(footnote continued on next page)*

I.  **BACKGROUND**

This matter is now before the Court on four discovery-related motions. The Pozarliks had previously filed a motion pursuant to Rule 37(a) of the Federal Rules of Civil Procedure requesting an order compelling these Defendants to produce certain documents. (Doc. 107). On August 1, 2013, a telephonic discovery conference was held and the Court entered an order granting that motion in part and denying it in part. (Doc. 116). With respect to certain of the requested documents, relief was denied based upon the Defendants' representation that they had already produced all responsive documents in their possession. (Doc. 116, at 2). Relief was granted with respect to certain other categories of documents, and the Defendants were ordered to produce responsive documents, together with a privilege log, within fourteen days. (Doc. 116, at 3–4).

On March 20, 2014, the Pozarliks filed a motion for sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, asserting that the Defendants had failed to produce responsive documents as ordered, that some or all of the documents they produced were not produced within the prescribed time period, that the Defendants' privilege log failed to adequately describe documents withheld from production,[2] and that the Defendants misled the

---

an apparent ECF filing error, in which counsel for the property owners association and Simoncic appears to have selected the wrong party in filing a reply brief (Doc. 109), there is nothing to suggest that Camelback Associates has appeared in this case at all. Indeed, there is nothing in the record to indicate that Camelback Associates was ever served with a summons and complaint in this matter. Because the Court does not appear to have acquired personal jurisdiction over Camelback Associates through service of process, the Court declines the Pozarliks' invitation to consider imposing discovery sanctions against it.

[2] Without ruling on the adequacy of the Defendants' privilege log (Doc. 129-10), the Court notes that it is the party asserting the attorney-client privilege who has the burden of proving that the privilege is applicable and has not been waived. *Greene, Tweed of Delaware, Inc.*
*(footnote continued on next page)*

Court in stating that they had produced all of certain categories of documents in their possession when subsequent discovery revealed additional responsive documents, which were then produced to the Pozarliks. (Doc. 129). The Pozarliks requested the imposition of sanctions, including the preclusion of a liability defense by these defendants, reimbursement of attorney fees and costs incurred in this discovery dispute, and an order compelling the production of all responsive documents without objection (presumably including otherwise privileged materials). (Doc. 129).

On March 27, 2014, the Pozarliks filed a motion for sanctions pursuant to Rule 30(d) and Rule 37(a) of the Federal Rules of Civil Procedure, asserting that during the deposition of Simoncic, defense counsel impeded, delayed or frustrated the fair examination of the deponent by raising an excessive number of objections, by instructing the deponent not to answer certain questions based on impermissible grounds, and by using objections to coach the deponent in answering certain questions. (Doc. 130). The Pozarliks requested the imposition of sanctions, including the preclusion of a liability defense by these defendants and reimbursement of

---

*v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 418, 423 (E.D. Pa. 2001); *see also Walter v. Travelers Personal Ins. Co.*, No. 4:12-CV-346, 2013 WL 2252729, at *4 (M.D. Pa. May 22, 2013). "The burden of establishing the elements of the privilege can be met only by an evidentiary showing based on competent evidence and cannot be 'discharged by mere conclusory or *ipse dixit* assertions.'" *Greene*, 202 F.R.D. at 423 (quoting another source). Moreover, "[s]ubmitting documents to the Court for *in camera* review does not relieve a party from the requirement of submitting affidavits or other evidence in support of the asserted privilege." *Greene*, 202 F.R.D. at 423. In the instant round of motion practice, the only evidence submitted for the Court's consideration is the Defendants' bare-bones privilege log itself, which falls far short of satisfying the requisite burden of proof. The Court is disinclined to order production of potentially privileged documents on a mere technicality, and it is equally disinclined to engage in a game of cat and mouse, issuing a series of incremental orders instructing counsel on how to meet their evidentiary burdens in elementary discovery disputes. So, to cut to the chase, see generally *Greene*, 202 F.R.D. at 423 n.8, which lists the essential elements of a claim that communications are protected by attorney-client privilege.

attorney fees and costs incurred in connection with the deposition of Simoncic. (Doc. 130; Doc. 135).

Later that same day, the Defendants filed a document labeled as both an "answer" to the Pozarliks' March 20th motion and a cross-motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, to compel the production of documents pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and for attorney fees under both Rule 11 and Rule 37. (Doc. 131). The Defendants requested sanctions on the ground that the Pozarliks' March 20th motion for sanctions was frivolous, that the Defendants have adequately responded to the Pozarliks' discovery requests, and that the Pozarliks had themselves failed to produce responsive documents and satisfy their discovery disclosure obligations. (Doc. 131).

On April 4, 2014, the Defendants filed a document labeled as both an "answer" to the Pozarliks' March 27th motion and a cross-motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 136). The Defendants requested sanctions solely on the ground that the Pozarliks' March 27th motion for sanctions was frivolous. (Doc. 136).

II. DISCUSSION

A. THE DEFENDANTS' RULE 11 MOTIONS

The Court first turns to the Defendants' two Rule 11 motions. The procedural requirements of Rule 11 are crystal clear:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . .

Fed. R. Civ. P. 11(c)(2).

Here, the Defendants have failed to file a separate motion for Rule 11 sanctions, combining it instead with a poorly articulated Rule 37(a) motion to compel in in one instance,

4

and combining it with their responses to the Pozarliks' discovery motions in both instances. (*See* Doc. 131; Doc. 136). The reason for this separate motion requirement is clear when considering the primary fault of the Defendants' Rule 11 motions: both motions fail to comply with the "safe harbor" provision of Rule 11, which requires that a Rule 11 motion be served on opposing counsel at least twenty-one days before presenting it to the Court, thus depriving the Pozarliks of "the opportunity to correct their errors." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008).[3] Having failed to comply with the mandatory procedural requirements of Rule 11, the Defendants are not entitled to an award of sanctions under Rule 11(c)(2), and their motion must be denied. *Schaefer*, 542 F.3d at 99 ("If the twenty-one day period is not provided, the [Rule 11] motion must be denied."); *see also Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 159 (D.N.J. 1999) (denying Rule 11 motion where the court could not determine if movant had complied with the safe harbor provision); *Carofino v. Forester*, 450 F. Supp. 2d 257, 274 (S.D.N.Y. 2006) (denying Rule 11 motion that did not comply with the separate motion provision).

    B.  T<small>HE</small> P<small>OZARLIKS</small>' R<small>ULE</small> 37 M<small>OTIONS</small>

The Court next turns to the Pozarliks' two Rule 37 motions. Both motions suffer from a fatal procedural defect, which they share with the Defendants' underdeveloped request for Rule

---

[3] Indeed, as the Third Circuit recognized in *Schaefer*, "[t]he purpose of Rule 11 is to deter litigation abuse that is the result of a particular 'pleading, written motion, or other paper' and, thus, *streamline* litigation." *Schaefer Salt Recovery*, 542 F.3d at 97 (emphasis added). By filing these Rule 11 motions without complying with the "safe harbor" provision, the Defendants have unnecessarily complicated the litigation rather than streamlined it, forcing this Court to consider and dispense with disjointed and facially defective Rule 11 motions concerning an apparently colorable discovery dispute that clearly could have been — and still can be — resolved among the parties themselves, even if only in part.

37(a) relief subsumed within in its March 27th Rule 11 motion. In each instance, the movants have failed to include with their Rule 37 motions a certification by counsel that the movants have conferred or attempted to confer with the opposing parties in a good faith effort to resolve these discovery disputes without court intervention.

Under the Federal Rules of Civil Procedure, a Rule 37(a) motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Moreover, the Local Rules of the United States District Court for the Middle District of Pennsylvania require that:

> Counsel for movant in a discovery motion shall file as part of the motion a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached.

L.R. 26.3.

The Pozarliks' Rule 37 motions do not include any such certification, nor is there anything in the motions, briefs, or exhibits to suggest that counsel have met and conferred to address these issues. Indeed, given the broad scope of both motions, it appears that no good faith effort was made whatsoever to resolve or narrow the discovery disputes at issue prior to filing. In the absence of certification, or any other evidence, of a good faith effort to resolve these discovery disputes prior to seeking court intervention, the Court concludes that these motions must be denied, albeit without prejudice to renewal of these motions, in whole or in part, if the parties are unable to resolve or narrow these discovery disputes after conferring with one another in good faith. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186–87 (3d Cir. 2003); *see also, e.g.*, *Elipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006)

(admonishing that counsel should, at a minimum, pick up the telephone and speak to each other about discovery disputes prior to filing motions to compel); *Kirshenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 479 (D.S.D. 2012) (series of letters, e-mail messages, and telephone calls constituted a good faith effort to resolve discovery disputes informally). *But see Velazquez-Perez v. Develpers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D. Puerto Rico 2011) (series of letters and e-mail messages insufficient where they evidence unwillingness to resolve discovery dispute).

C.  COMMON TECHNICAL DEFICIENCIES

The motion papers submitted by both sets of parties also suffer from significant technical deficiencies that should be avoided in future filings, at the risk of those filings being struck or the parties otherwise being sanctioned for noncompliance with the Federal and Local Rules.

The parties are explicitly directed to review Local Rule 5.1, which provides the general formatting requirements for all papers filed in this Court, and Local Rules 7.1 through 7.8, which provide the procedural and formatting requirements for motions and briefs. In particular, the parties are admonished that "[e]ach motion and each brief shall be a *separate* document." L.R. 5.1(h) (emphasis added).[4] Moreover, "[a] brief may address only one motion, except in the case of cross motions for summary judgment." L.R. 7.8(a).[5] Indeed, the proper response to a motion is not an "answer," but a brief in opposition, to which the movant may then file a reply brief. L.R. 7.6; L.R. 7.7.[6]

---

[4] *See, e.g.*, Doc. 129 (combining motion and brief in a single PDF document); Doc. 131 (combining "answer" or opposition brief with cross-motion for sanctions); Doc. 136 (same).

[5] *See, e.g.*, Doc. 132 (combining brief in opposition to Pozarliks' motion with brief in support of Defendants' motion); Doc. 133 (same); Doc. 137 (same); Doc. 138 (same).

[6] *See, e.g.*, Doc. 131 ("answer" to motion); Doc. 136 (same).

Ordinarily, briefs are limited to fifteen pages in length, and all pages must be numbered. L.R. 7.8(b)(1); L.R. 5.1(c).[7] Footnotes must be in the same font and size as those used in the body of the brief. L.R. 5.1(c).[8] A brief may exceed that page limit so long as it does not exceed 5,000 words and it includes a certificate that it complies with the 5,000 word limit, which must explicitly state the actual number of words in the brief. L.R. 7.8(b)(2)[9]. Alternatively, a party may file a motion requesting leave to file a longer brief, but such a motion must be filed at least two working days in advance of the brief's due date, and it must specify the length of brief requested. L.R. 7.8(b)(3).[10] If a brief exceeds fifteen pages in length, it must also include a table of contents (with page references) and a table of authorities (with references to the pages at which they are cited). L.R. 7.8(a).[11]

### III. CONCLUSION

For the foregoing reasons, all four of the discovery-related motions currently pending in this case (Doc. 129; Doc. 130; Doc. 131; Doc. 136) shall be **DENIED WITHOUT**

---

[7] *See, e.g.*, Doc. 129 (unnumbered and nineteen pages long); Doc. 132 (unnumbered); Doc. 133 (unnumbered).

[8] *See, e.g.*, Doc. 129 (footnotes substantially smaller and more difficult to read than body text); Doc. 135 (extensive use of footnotes in a substantially smaller size, suggesting an otherwise overlong brief).

[9] Neither side has availed itself of this rule. The Pozarliks' brief in support of their March 20th motion (Doc. 129) appears to exceed this limit, but their brief in support of their March 27th motion (Doc. 135) appears to be a few words shy of 5,000.

[10] Neither side has availed itself of this rule. If the number or complexity of issues raised in a motion necessitates a brief longer than fifteen pages, leave to exceed that page limit should be requested. But the briefing party must nevertheless comply with the timing and content requirements of Local Rule 7.8.

[11] *See, e.g.*, Doc. 129 (nineteen pages long, no table of contents or table of authorities).

**PREJUDICE**. The parties are admonished to meet and confer immediately to discuss these discovery issues. If the parties are unable to fully resolve their differences and desire to file renewed, procedurally compliant discovery motions, they shall advise the Court by telephone immediately after filing the motion(s). It is anticipated that an expedited briefing schedule will be issued and an evidentiary hearing and oral argument on the renewed motion(s) shall be held on May 6, 2014, at 1:00 p.m., the date and time originally scheduled for a hearing on the instant motions.

An appropriate Order will follow.

**Dated: April 15, 2014**                                                         *s/ Karoline Mehalchick*
                                                                                                              **KAROLINE MEHALCHICK**
                                                                                                              **United States Magistrate Judge**