UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., a/s/o VILLAGE AT CAMELBACK PROPERTY OWNER ASSOCIATION, et al., | CIVIL ACTION NO. 3:10-CV-1559 <br><br> (MEHALCHICK, M.J.) |
| Plaintiffs, | |
| v. | |
| QUEENSBORO FLOORING CORP., | |
| Defendants. | |

**MEMORANDUM OPINION**

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania. Pending before this Court is Plaintiffs' Motion for Reconsideration (Doc. 188) of the Court's Order of August 20, 2014 (Doc. 183).

I. BACKGROUND AND PROCEDURAL HISTORY

The present dispute concerns the parties originally named in *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, which was joined into this consolidated action on March 15, 2012. (Doc. 31). Arkadiusz Piotr Pozarlik and Agnieszka Zofia Pozarlik (the "Pozarliks") are plaintiffs asserting negligence and loss of consortium claims against several defendants, including the Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic (together, the "Defendants"). Several cases have been

consolidated into this one action. In the course of discovery in this matter, Defendants, the Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic, objected to the production of a number of documents sought by the Pozarlik Plaintiffs, asserting that the same were protected by attorney work product and attorney-client privileges. The Court previously addressed and resolved a number of discovery issues between these parties in an Order and Memorandum dated July 3, 2014. (Doc. 174 and Doc. 175). As part of that Order, the Court reviewed the adequacy of the privilege log (Doc. 154-5) provided by Defendants to the Plaintiffs in response to Plaintiffs' discovery requests. Based upon a review of that privilege log, and counsels' representations at oral argument, the Plaintiffs were directed to identify to the Defendants those documents listed on the privilege log which they believe should be disclosed, and the Defendants were then directed to produce copies of those documents to the Court for an in camera review. (Doc. 175). On July 17, 2014, Defendants furnished the Court with copies of the allegedly privileged documents (Doc. 177).[1]

On August 20, 2014, after conducting an *in camera* review of the allegedly privileged documents, this Court entered an Order (Doc. 183) sustaining in part and overruling in part, the objections, and ordering production of some of those documents. In pertinent part to the matter presently before this Court, one document listed on the privilege log, and reviewed

---

[1] Rather than mail the documents directly to the Court's chambers for review, Defendants mailed these documents to the office of the Clerk of Court in Scranton. (Doc. 177). The cover letter did not direct that the documents should be filed under seal, and the clerk's office filed the documents on the Court's ECF system. Within hours, the undersigned's courtroom deputy, upon reviewing the docket, realized that these documents were improvidently filed on the docket, and, accordingly, the Court struck them from the record.

by the Court was Document #10, which was designated "Email chain on how to handle Chernov – 7/13/07" and for which Defendants asserted attorney-client privilege.[2] The first part of that email chain was an email from Defendant Simoncic to Attorney William Jones, Defendants' attorney at that time, asking him to review and call to discuss.

Plaintiffs have now filed a motion for reconsideration (Doc. 188) of the Court's Order as to Document #10. A conference call regarding the motion was held on November 24, 2014. Defendants oppose the motion for reconsideration, and further, question whether Plaintiffs are entitled to use the document at all, notwithstanding any privilege issue, as they contend Plaintiffs obtained the document through the inadvertent disclosure of the documents on July 17, 2014.[3]

II. DISCUSSION

A. MOTION FOR RECONSIDERATION

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Sibio v. Borough of Dunmore*, 2007 WL 1173769 (M.D.Pa.2007) (Caputo, J.). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the

---

[2] Document #10, as included with the documents for *in camera* review, was a two page document, which was numbered at the top of the page as "1 of 3" and "2 of 3." However, there was no page 3 provided to the Court at the time of review.

[3] Defendants have also indicated to the Court that they intend to file a motion for sanctions related to Plaintiffs' use of the document, and filing of the document on the record prior to any ruling by the Court on the motion for reconsideration.

3

availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Rinaldi v. Sniezek*, 2008 WL 2048661 (M.D.Pa.2008) (Rambo, J.) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002) (McClure, J.) (internal citations omitted).

    B. ATTORNEY-CLIENT PRIVILEGE

As discussed in the Court's memorandum opinion (Doc. 182), for the attorney-client privilege to attach to a communication, "it must be '(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007) (quoting *Restatement (Third) of the Law Governing Lawyers* § 68 (2000) [hereinafter, "*Restatement (3d) Lawyers*"]). "'Privileged persons' include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *Teleglobe*, 493 F.3d at 359 (citing *Restatement (3d) Lawyers* § 70). "A communication is only privileged if it is made 'in confidence.'" *Teleglobe*, 493 F.3d at 361 (citing *Restatement (3d) Lawyers* § 68). "[I]f persons other than the client, its attorney, or their agents are present, the communication is not made in confidence, and the privilege does not attach." *Teleglobe*, 493 F.3d at 361. Moreover, "[b]ecause the attorney-client privilege obstructs the truth-finding process, it is construed narrowly." *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991). Further, messages such as fax cover sheets which merely forward a document to counsel are not protected by attorney

4

client privilege. *See Dempsey v. Bucknell Univ.*, 296 F.R.D. 323, 336 (M.D. Pa. 2013); *see Gucci Am., Inc. v. Guess?, Inc.,* 271 F.R.D. 58, 79 (S.D.N.Y.2010) ("Transmittal documents themselves are not privileged unless they reveal the client's confidences.").

Further review of the document in question, including the recently found and produced pages three and four[4], does clearly indicate that the email in question is a transmittal message from Defendant Simoncic to Attorney Jones. The text of the email is simply, "Please read and call me to discuss." Moreover, the forwarded message is a discussion and motion between board members of the Defendant Property Owners Association. As such, there is no privilege attached to any of this document. The Court will next turn to whether, based upon how Plaintiffs obtained the document, they should be precluded from using the same.

C. Inadvertent Disclosure of Documents for *In Camera* Review

During the telephonic conference on Plaintiffs' motion for reconsideration, Defendants argued that the manner in which Plaintiffs' obtained Document #10, namely, downloading it after it was inadvertently filed on docket, is suspect and should possibly preclude reconsideration of the Court's August 20th Order. However, any consideration under Federal Rule 502(b) relating to the inadvertent disclosure of documents necessarily

---

[4] At the conclusion of the telephonic conference held on November 24, 2014, the Court ordered Defendants to revisit their files, including contacting Attorney William Jones and/or members of the board, to determine if the remaining page(s) of the document were in their possession. Defendants have produced to the Court pages three and four of that email, explaining that upon checking the documents they received from Attorney Jones, these additional pages exist.

5

requires a finding that the disclosed materials **are privileged**.[5] As previously discussed, it is clear, upon reconsideration of the application of attorney-client privilege to Document #10 is not warranted. While the Court appreciates the frustration expressed by counsel for the Defendants that Plaintiffs were only able to obtain this document because they downloaded documents that were clearly not meant to be placed in their possession at the time, the Court finds that ultimately, as the document in question is not subject to any privilege, the same should be disclosed to Plaintiffs, and possibly should have been disclosed as part of Defendants' responses to earlier discovery requests.[6] As a non-privileged document that is relevant to the parties' claims and defenses, or may lead to the discovery of admissible evidence, the document should be produced to the Plaintiffs. *See* Fed. R. Civ. Pro. 26(b)(1).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 188) is granted. Document #10 should be produced to all parties in this case, in its entirety, within

---

[5] Federal Rule of Evidence 502(b) provides that, in a federal proceeding, unintentional disclosure of privileged materials does not result in waiver of that privilege if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error." Fed.R.Evid. 502(b). Adopting a case-by-case approach, courts within the Third Circuit consider the following factors in determining whether an inadvertent disclosure constitutes waiver: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be serviced by relieving the party of its errors. *Alers v. City of Philadelphia*, No. 08–4745, 2011 WL 6000602, at *2 (E.D.Pa. Nov. 29, 2011).

[6] Nothing in this Court's opinion, however, should be construed as a finding on the merits of any motion for sanctions that may be filed by any of the parties related to the disclosure, and subsequent inclusion of the document in question with the instant motion.

ten (10) days of the Order accompanying this Memorandum.

An appropriate Order follows.

**Dated: November 25, 2014**                                   *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States Magistrate Judge**