## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

COMMUNITY ASSOCIATION
UNDERWRITERS OF AMERICA, INC.,
a/s/o VILLAGE AT CAMELBACK
PROPERTY OWNER ASSOCIATION,
et al.,

                    Plaintiffs,

     v.

QUEENSBORO FLOORING CORP.,

                    Defendants.

CIVIL ACTION NO. 3:10-CV-1559

(MEHALCHICK, M.J.)

## MEMORANDUM OPINION

This is a consolidated action involving property damage and personal injury claims arising out of a July 2009 explosion and fire that occurred during construction work at a townhouse located in Tannersville, Pennsylvania. Another case, *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, was consolidated into this action on March 15, 2012. (Doc. 31). Plaintiffs Arkadiusz Piotr Pozarlik and Agnieszka Zofia Pozarlik (the "Pozarliks") assert negligence and loss of consortium claims against several defendants, including the Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic (together, the "Defendants").

### I.  BACKGROUND

On May 23, 2015, the Pozarliks filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure (Doc. 145), requesting the imposition of sanctions against Defendants and their counsel for a variety of transgressions, including: failure to timely disclose or produce certain discoverable information or documents; failure to timely produce an

adequate privilege log for documents withheld from discovery; failure to timely supplement disclosures and discovery responses as new information or documents become available; failure to obey various discovery orders; alleged misrepresentations or lack of candor in discovery papers and discovery-related proceedings before the Court; an excessive number of objections—many allegedly intended to coach the witness—and instructions not to answer questions during depositions in an effort to impede, delay, or frustrate fair examination of the deponent; and general dilatoriness, lack of candor, and lack of good faith in responding to discovery requests and in discovery-related motions practice before the Court. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 30(d)(2); Fed. R. Civ. P. 37(a), (b)(2), (c)(1). As a sanction, the Pozarliks requested that the Defendants be prohibited from presenting a liability defense, *see* Fed. R. Civ. P. 37(b)(2)(ii), (c)(1)(C), and sought an award of costs and reasonable attorney fees incurred by the Pozarliks in connection with these discovery disputes and related motion practice, *see* 28 U.S.C. § 1927; Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 30(d)(2); Fed. R. Civ. P. 37(a)(5), (b)(2)(C), (c)(1)(A). Following briefing and oral argument, the Court granted the motion in part and denied it in part (Doc. 175), specifically denying the Pozarliks' request to preclude any liability defense, but granting a limited award of costs and attorney fees as follows:

1. An award of up to $1,500 in reasonable expenses and attorney fees incurred by the Pozarliks in connection with oral argument on their Rule 37 motion;

2. An award of reasonable expenses and attorney fees incurred by the Pozarliks in connection with the deposition of the other four individuals—Dave Kalucki, Chris Travis, Phillipe Cruz, and John Hilbert—whose witness statements were recorded on the missing audio tape, if the Pozarliks choose to take their depositions; and,

3. Leave to re-depose Ms. Simoncic, if the Pozarliks so chose, and an award of reasonable expenses and attorney fees incurred by the Pozarliks in connection with that deposition if the Pozarliks choose to take it.

(Doc. 174, at 18-19).

Now before the Court is the Pozarliks' comprehensive petition for attorney fees and expenses filed on March 2, 2015 (Doc. 215), pursuant to the Court's July 3, 2014 Order imposing sanctions under Rule 37 of the Federal Rules of Civil Procedure (Doc. 175). The matter has been fully briefed and is now ripe for disposition. (Doc. 228; Doc. 229).

## II. DISCUSSION

The Pozarliks request an award of $65,722.00 in attorney fees, and an additional $4,424.50 for expenses.[1] (Doc. 216, at 18; Doc. 229, at 17). The Defendants oppose the Pozarliks' motion on the basis that the proposed hourly rates and number of hours billed are both excessive, but do not propose a specific amount by which the award should be reduced.

"Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction . . . should be guided by equitable considerations." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988). The amount of a monetary sanction should be specifically related to expenses incurred as a result of the violations. *See Martin v. Brown*, 63 F.3d 1252, 1263 n.15 (3d Cir. 1995). However, a court nevertheless "may decide that the circumstances warrant imposition of only part of the adversary's expenses . . . ." *Doering*, 857 F.2d at 195. "The starting point for determining the reasonableness of attorney's fees is the lodestar calculation, the number of hours reasonably expended 'times an hourly fee based on the prevailing market rate.'" *LightStyles, Ltd. v. Marvin*

---

[1] This sum includes $4,363.50 in attorney fees for the time expended by the Pozarliks' counsel in preparing their reply brief. (Doc. 229, at 17).

*Lumber & Cedar Co.*, No. 1:13-CV-1510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015) (quoting *Doering*, 857 F.2d at 195).

The Pozarliks, as the party seeking fees, bear "the burden to prove that its request for attorney fees is reasonable." *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990). This burden is met where the fee petitioner "submit[s] evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Once the petitioner makes the requisite showing that its request for fees is reasonable, the burden then shifts to the party opposing the fee award "to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183. A district court cannot "decrease a fee award based on factors not raised at all by the adverse party." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). However, "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183.

A. Hourly Rates

The Pozarliks seek an award based on a requested hourly rate of $395.00 for Attorney Padova and $225.00 per hour for Attorney Pham. (Doc. 216, at 8). The hourly rate component of the lodestar is "calculated according to the prevailing market rates in the relevant community." *Rode*, 892 F.2d at 1183 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode*, 892 F.2d at 1183. Thus, generally "an out-of-town lawyer would receive not the hourly rate prescribed by his district but rather the hourly rate prevailing in the forum in which the litigation is lodged." *Interfaith Cmty. Org. v. Honeywell*

*Int'l, Inc.*, 426 F.3d 694, 704 (3d Cir. 2005) (internal quotation marks omitted), *as amended* (Nov. 10, 2005). Here, the parties agree that the "relevant community" is the Scranton/Wilkes-Barre vicinage of the Middle District of Pennsylvania. (Doc. 216, at 7; Doc. 228, at 12).

In support of their proposed hourly rates, Attorneys Padova and Pham each submit certifications of their own (Doc. 215-2; Doc. 215-3), as well as a certification from Kingston, Pennsylvania Attorney Martin J. Meyer, who has practiced law in the Scranton/Wilkes-Barre vicinage for over 50 years and has substantial experience in personal injury litigation. (Doc. 215-8). The Defendants contest this evidentiary showing with a certification from Lawrence Durkin, a Scranton attorney who has "facilitated settlements and verdicts in more than 250 personal injury cases" over his 19 years of practice.[2] (Doc. 228-14, at 2). Along with their reply brief, counsel for the Pozariks further submit additional certifications from Attorneys Joseph Messa, Jr. and Glenn Parno, both of whom have significant experience handling personal injury cases. (Doc. 229-1; Doc. 229-2).

### 1.  Attorney Padova

Attorney Padova seeks an hourly rate of $395.00, arguing that his requested rate is warranted due to his approximately 27 years of legal experience and his skill in obtaining six- and seven-figure verdicts and settlements. (Doc. 215-2, at 2; Doc. 216, at 9). Attorney Padova notes that his requested rate is below his usual billing rate in Philadelphia of $450.00 per hour. (Doc. 216, at 8). Furthermore, Attorney Martin J. Meyer's certification states that Attorney

---

[2] Each party attempts to construe their counterpart's certification from local attorneys as somehow invalid because Attorneys Meyer and Durkin both practice in other fields in addition to personal injury law. (Doc. 228, at 11; Doc. 229, at 10-11). However, the Court rejects the notion that an attorney who practices in an additional field is no longer qualified to attest to the prevailing market rates for plaintiffs' attorneys practicing personal injury law, and therefore accepts the evidence submitted in the form of certifications from Attorneys Meyer and Durkin.

Padova's requested rate of $395.00 per hour appears reasonable under the circumstances and given Attorney Padova's skill and experience, although Attorney Meyer also notes that it is particularly difficult for him to determine reasonable hourly rates for personal injury litigation because he has always taken those cases on a contingent fee basis. (Doc. 215-8, at 2-3). Attorney Meyer, who has practiced in the Scranton/Wilkes-Barre area for the past 54 years, states that if he were to accept a personal injury case on an hourly rate basis, he would be inclined to bill in the range of $350.00 to $400.00 per hour. (Doc. 215-8, at 2-3).

The Pozarliks provide additional certifications from Attorneys Messa and Parno attached as exhibits to their reply brief. (Doc. 229-1; Doc. 229-2). Attorney Messa states in his certification that he believes that Attorney Padova's requested rate is reasonable because the two attorneys have similar skills and experience, and Attorney Messa has previously been granted a requested rate of $595.00 per hour by the Court of Common Pleas of Philadelphia County. (Doc. 229-1, at 3-4). Attorney Messa also notes that he has handled personal injury cases in several counties within the Middle District of Pennsylvania, although he does not state whether he is familiar with the prevailing market rates in the Scranton/Wilkes-Barre vicinage. (Doc. 229-1, at 2). Lastly, Attorney Parno notes in his certification that he is knowledgeable of Attorney Padova's skill, experience, and reputation in personal injury law, and based on this deems Attorney Padova's requested hourly rate to be reasonable. (Doc. 229-2, at 2-3). Attorney Parno practices in the Harrisburg area, but does not state whether he is familiar with the prevailing market rates in the Scranton/Wilkes-Barre vicinage.[3] (Doc. 229-2, at 2-3). Because

---

[3] Neither Attorney Messa nor Attorney Parno appear to be admitted to practice before the United States District Court for the Middle District of Pennsylvania. (Doc. 229-1, at 9; Doc. 229-2, at 5).

Attorneys Messa and Parno do not attest to the prevailing market rates in the relevant legal community, their certifications that Attorney Padova's requested hourly rate is "reasonable" is of little use to the question at hand. *See Souryavong v. Lackawanna Cty.*, No. 13-CV-1534, 2016 WL 374462, at *9 (M.D. Pa. Feb. 1, 2016) (emphasis in original) ("Attorney Comitz's assertion that he finds Attorney Pollick's requested rates "reasonable" fails to support Plaintiffs' requested hourly rate because the standard is the ***prevailing market rate in the community***, not reasonableness.").

In their brief in opposition, Defendants argue that Attorney Padova fails to meet his burden to show that his requested hourly rate of $395.00 is reasonable. (Doc. 228, at 12). Specifically, Defendants argue that Attorney Meyer's certification does not establish whether Attorney Padova's requested rate is in line with the prevailing market rates in the relevant community because Attorney Meyer has only accepted personal injury cases on a contingent fee basis. (Doc. 228, at 11). Furthermore, Defendants contend that Attorney Padova's certification is insufficiently detailed as to his own skills and qualifications, as he does not submit his resume or include a list of cases litigated to verdict along with the amount of the judgments in each case.[4] (Doc. 228, at 11-12). Although a close call, the Court concludes that Attorney Padova has provided sufficient evidence to carry his initial burden in support of his requested hourly rate, as Attorney Meyer attests that an hourly rate in the range of $350.00 to $400.00 is appropriate for highly skilled and experienced personal injury attorneys in the

---

[4] Attorney Padova does not attach a resume to the reply brief, but does submit a list of cases he has handled involving homeowners' or community associations (Doc. 229, at 5-6), as well as certificates naming him among Pennsylvania's "Super Lawyers" for 2004 and 2005 (Doc. 229-3).

Scranton/Wilkes-Barre area, such as himself, and appears sufficiently knowledgeable of Attorney Padova's qualifications to be able to conclude that Attorney Padova is entitled to command those same rates. (Doc. 215-8, at 2-3).

Although Attorney Padova meets his initial burden of presenting evidence supporting the contention that his requested rate of $395.00 is reasonable, Defendants challenge the reasonableness of the requested rate through the certification of Lawrence Durkin. (Doc. 228-14). Attorney Durkin opines that experienced personal injury plaintiffs' attorneys in the Scranton/Wilkes-Barre area will generally bill at $225.00 per hour as a default rate should a client choose to terminate a contingent fee agreement. (Doc. 228-14, at 2-3). Attorney Durkin therefore states that a reasonable rate for Attorney Padova therefore would be $225.00 per hour, although Attorney Durkin notes that he has not received Attorney Padova's resume and is not familiar with Attorney Padova's cases. (Doc. 228-14, at 3). The Court concludes that Defendants have rebutted the reasonableness of the Attorney Padova's requested rate, and therefore will determine a reasonable billing rate for Attorney Padova based on the evidence presented, similar cases within the forum, and the quality of Attorney Padova's submitted work product. *Walker v. Gruver*, No. 1:11-CV-1223, 2013 WL 5947623, at *4 (M.D. Pa. Nov. 5, 2013).

Here, the Court concludes that Attorney Padova's requested rate of $395.00 per hour is unreasonably high in light of the prevailing market rates in the community. The Pozarliks argue in their reply brief that Attorney Durkin's certification should be discounted because he has not practiced as long as Attorney Padova and the other attorneys who submitted certifications on Attorney Padova's behalf. (Doc. 229, at 10-11). Although the Court notes that Attorney Padova has practiced law for approximately eight more years than Attorney Durkin and thus may be

able to command a higher hourly rate (Doc. 215-2, at 2; Doc. 228-14, at 2), this fact does not undermine Attorney Durkin's ability to attest to the prevailing market rates in the Scranton/Wilkes-Barre area.[5] Moreover, to the extent that Attorney Durkin's relative inexperience in relation to Attorney Padova undermines Attorney Durkin's ability to accurately speak to the prevailing rates in the community for services by lawyers of Attorney Padova's skill and experience (Doc. 229, at 10-11), this same rationale undermines Attorney Padova's contention that he should be entitled to an hourly rate at the upper end of the $350 to $400 per hour range quoted by Attorney Meyer—who has practiced for decades more than Attorney Padova (Doc. 215-8, at 2). The Court instead finds that the prevailing market rate for personal injury attorneys in the community with comparable skills and experience to Attorney Padova falls somewhere between the $225.00 per hour that Attorney Durkin notes as the default rate for "experienced" attorneys and the $350.00 to $400.00 per hour range that Attorney Meyer states he would be inclined to bill himself if he were to take a personal injury case on an hourly fee basis. (Doc. 215-8, at 3; Doc. 228-14, at 3).

In reviewing other contested attorney fees cases within this forum, the Court observes that district judges within the Middle District of Pennsylvania generally find that experienced and skillful plaintiffs' attorneys warrant a fee "in the range of $180 to $325 per hour." *Beattie v. Line Mountain Sch. Dist.*, No. 4:13-CV-02655, 2014 WL 3400975, at *10 (M.D. Pa. July 10,

---

[5] Furthermore, the Court cannot determine precisely how much more personal injury litigation experience, if any, Attorney Padova may have in relation to Attorney Durkin. While Attorney Durkin states that he has tried over 60 personal injury cases to jury verdict and facilitated settlements or verdicts in more than 250 personal injury cases overall, Attorney Padova fails to provide comparable statistics of his own personal injury litigation experience or even a resume. (Doc. 228-14, at 2).

2014); *J.S.* ex rel. *Snyder v. Blue Mountain Sch. Dist.*, No. 3:07CV585, 2014 WL 1321116, at *7 (M.D. Pa. Mar. 31, 2014) (citing *Shaw v. Cumberland Truck Equip. Co.*, No. CIV.A. 09-359, 2012 WL 1130605, at *3 (M.D. Pa. Mar. 30, 2012)) (awarding "generous[ ]" fee rate of $300.00 per hour to two attorneys with 27 and 20 years of experience and noting "that attorney fee rates for seasoned plaintiff's attorneys in the Middle District of Pennsylvania range from $200.00 to $300.00 per hour"). For the purposes of this case, however, the recent attorney fees cases within the forum seldom involve personal injury litigation.[6] The Court is cognizant that "[i]f there is evidence that the market has established different rates for different categories of legal work, the district court should assign the appropriate rate to each category." *Dee v. Borough of Dunmore*, No. 3:05-CV-1342, 2013 WL 685144, at *3 (M.D. Pa. Feb. 25, 2013) (citing *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001)), *aff'd*, 548 F. App'x 58 (3d Cir. 2013). Here, the Court finds no evidence—either provided by the parties or recognized under recent caselaw within this forum—that establishes a different rate for personal injury litigation in comparison to civil rights or employment cases. The Court therefore deems probative the opinions of district judges within the Middle District of Pennsylvania that find rates in the low $300s to be "the highest hourly rate[s] prevailing in this particular legal market." *Overly v. Glob. Credit & Collection Corp.*, No. 1:10-CV-2392, 2011 WL 2651807, at *5 (M.D. Pa. July 6, 2011). This evidence from recent cases within the forum does not alone determine the rate that Attorney Padova should be

---

[6] The bulk of attorney fees decisions in the Middle District of Pennsylvania instead appear to involve civil rights, employment/labor cases, and other practice areas that contain statutory fee-shifting provisions, unlike personal injury law. *See, e.g.,* 29 U.S.C. § 216(b) (labor law); 42 U.S.C. § 1988(b) (civil rights).

awarded in the case at bar, however, "because past rates are not necessarily reflective of the 'current' market rate." *Souryavong*, 2016 WL 374462, at *11.

As a final factor in determining appropriate attorney fees to award, district judges in this forum may evaluate "the quality of the [attorney's] submitted work product." *Keister v. PPL Corp.*, No. 4:13-CV-00118, 2016 WL 688031, at *5 (M.D. Pa. Feb. 19, 2016). Here, to the extent that the current market rate in the community may indicate that a fee in excess of $300.00 per hour is warranted for the most highly skilled and experienced attorneys, the work product submitted by Attorney Padova in this case simply does not reflect the superior quality needed to justify an award of attorney fees in this exceptional tier. Although Attorney Padova has shown himself to be a zealous advocate for his clients, the Court has repeatedly found it necessary to remind both parties to the instant dispute of the applicable federal and local rules. *See* (Doc. 140, at 7 ("The motion papers submitted by both sets of parties also suffer from significant technical deficiencies that should be avoided in future filings, at the risk of those filings being struck or the parties otherwise being sanctioned for noncompliance with the Federal and Local Rules."); Doc. 167, at 2 ("On June 19, 2014, the Pozarliks filed their brief in opposition, three days after it was due. The Pozarliks did not request an extension of time before the brief was due, nor did they file a motion after the deadline seeking an extension *nunc pro tunc.*")). This factor therefore weighs against awarding Attorney Padova his requested rate of $395.00 per hour.

Based on the evidence presented by the parties, similar cases within the forum, and the quality of Attorney Padova's submitted work product, the Court finds it appropriate to award Attorney Padova a rate of **$300.00 per hour**.

### 2. Attorney Pham

Attorney Pham seeks an hourly rate of $225.00. (Doc. 215-3, at 8). In support of her requested hourly rate, Attorney Pham attaches a certification and a copy of her resume, which indicates that she had been admitted to practice law for approximately two years and had been an associate at the law firm of the Pozarliks' counsel for approximately one year when she performed the work that is the subject of the instant fee petition. (Doc. 215-3, at 2-4). In the brief in support of their fee petition, the Pozarliks' counsel also note that Attorney Pham's requested hourly rate of $225.00 falls below the usual rate of "$285.00 per hour for an associate's time" in the Philadelphia area. (Doc. 216, at 8). Furthermore, each of the three attorneys that provided certifications in support of Attorney Padova's requested hourly rate also state that they find Attorney Pham's requested rate of $225.00 per hour to be fair and reasonable. (Doc. 215-8, at 2 (Attorney Meyer); Doc. 229-1, at 3 (Attorney Messa); Doc. 229-2, at 3 (Attorney Parno)). However, none of the three attorneys providing certifications state that they are familiar with Attorney Pham's skills and experience, nor do they opine as to the prevailing hourly rate in the Scranton/Wilkes-Barre vicinage for an attorney with similar skills and experience to Attorney Pham. (Doc. 215-8; Doc. 229-1; Doc. 229-2). The Court therefore concludes that the Pozarliks' counsel fails to provide sufficient evidence to carry their initial burden in support of Attorney Pham's requested hourly rate, as neither Attorney Pham in her own certification nor any of the three attorneys providing certifications on her behalf attest that Attorney Pham's requested hourly rate of $225.00 is in line with the current market rate in this forum for attorneys with similar skills and experience to Attorney Pham.

Defendants contend that Attorney Pham's requested hourly rate is unreasonable. (Doc. 228, at 10-13). In support of their argument, Defendants again point to the certification of

Attorney Durkin, who states that a reasonable hourly rate for Attorney Pham would be $110.00 in light of her resume and recent admission to the practice of law.[7] (Doc. 228-14, at 3). As with the three attorneys providing certifications in support of Attorney Pham's proposed hourly rate, however, Attorney Durkin omits whether the rate that he deems reasonable for Attorney Pham is comparable to the prevailing market rates for other relevantly inexperienced associates in the community. Accordingly, the Court is unconvinced that Defendants' proposed rate of $110.00 per hour for Attorney Pham is in line with the prevailing market rates in this forum for attorneys with similar skills and experience to Attorney Pham.

In conducting a review of other recent contested attorney fees cases within this forum, the Court finds that relatively inexperienced associates are generally awarded fees in the region of $150.00 per hour. *See J.S. ex rel. Snyder v. Blue Mountain Sch. Dist.*, No. 3:07-CV-00585, 2014 WL 1321947, at *7 (M.D. Pa. Jan. 2, 2014) (reducing billing rate for second-year attorney from $200.00 to $125.00 per hour), *report and recommendation adopted in relevant part*, No. 3:07CV585, 2014 WL 1321116 (M.D. Pa. Mar. 31, 2014); *Shaw*, 2012 WL 1130605, at *3 ("[T]he court finds that hourly rates for a third year associate in this market are generally lower than $175.00 per hour. . . . Accordingly, the court finds it appropriate to reduce the amounts charged . . . to the rate of $125.00 per hour."). In light of the lack of evidence presented by either party to establish that the "current" market rate in this forum for relatively inexperienced associates has changed, the Court awards Attorney Pham a rate of **$150.00 per hour.**

---

[7] In their brief in opposition to the fee petition, Defendants misstate Attorney Durkin's suggested hourly rate for Attorney Pham as $85.00 per hour. (Doc. 228, at 12).

B. Hours Billed

In addition to contesting the hourly rates proposed by Attorneys Padova and Pham, Defendants also contend that the overall number of hours billed is excessive in several respects. (Doc. 228, at 13-18). Specifically, Defendants contend: (1) the Pozarliks' counsel should be denied attorney fees in connection with their third motion for sanctions and oral argument that took place on June 30, 2014, to the extent that the requested fees exceed $1,500.00, and that the Pozarliks' counsel should be denied fees in connection with the deposition of Judith Brunson, which never took place (Doc. 228, at 2-3, 13); (2) Attorney Pham should not be credited with any billable hours that occurred before August 7, 2014, because that is the date that she first informed Defendants she would be working on the case (Doc. 228, at 3); (3) Attorney Pham's hours should be reduced for the excessive amount of time spent on research, clerical work, and conversations with Attorney Padova (Doc. 228, at 15); (4) the number of hours billed should be reduced for both Attorney Padova and Pham because the time spent on deposition preparation grossly exceeded the combined length of the depositions that were taken (Doc. 228, at 15-16); and (5) the number of hours billed for the preparation of the fee petition should be reduced as unreasonably high (Doc. 228, at 16). The Court thus evaluates each of Defendants' contentions.

1. **Third Motion for Sanctions/Oral Argument and Brunson Deposition**

Defendants first argue that the Court should deny attorney fees in excess of $1,500.00 for work by Pozarliks' counsel pertaining to their third motion for sanctions and the June 30, 2014 oral argument on that motion. (Doc. 228, at 2). Additionally, Defendants argue that the Pozarliks' counsel should be denied attorney fees in connection with their preparation for taking the deposition of Judith Brunson. (Doc. 228, at 3). In support of these assertions, Defendants note that the Court's July 3, 2014 Order clearly addressed the extent of the attorney fee award, providing for "up to $1,500 in reasonable expenses and attorney fees . . . in

14

connection with oral argument" and "reasonable expenses and attorney fees . . . in connection with the depositions of Dave Kalucki, Chris Travis, Phillipe Cruz, and John Hilbert, should they choose to take them . . . ." (Doc. 175, at 2).

In their brief in support of the fee petition, the Pozarliks' counsel concede that "the Court's Order appears to limit the sanction for the Motion for Sanctions to $1,500.00 in attorney's fees and expenses in connection with oral argument on the Motion," but then go on to request $22,657.00 in attorney fees for their third motion for sanctions and oral argument preparation, an amount over 15 times larger than the limit imposed by the Court in its July 3, 2014 Order.[8] (Doc. 215-2, at 8; Doc. 216, at 13). The Court declines this invitation to disregard its own $1,500.00 limit for expenses and attorney fees in conjunction with oral argument in favor of the proposed exponentially larger sanction from the Pozarliks' counsel. Combined, Attorneys Padova and Pham sufficiently demonstrate that they reached the $1,500.00 threshold through their hours expended on the third motion for sanctions and preparation for oral argument. (Doc. 215-4). Accordingly, the Court awards $1,500.00 in combined expenses and attorney fees in connection with oral argument and the third motion for sanctions, but **grants Defendants' request for a reduction to the extent that the Pozarliks' counsel seeks an award beyond this $1,500.00 limit**.

Counsel for the Pozarliks also seek roughly $3,800.00 in attorney fees and another $647.00 in expenses in connection with the deposition of Judith Brunson. (Doc. 215-6; Doc. 215-7; Doc. 215-9, at 12-14). However, the Court's July 3, 2014 Order specifies the witnesses

---

[8] The Pozarliks' counsel additionally seek $411.94 in expenses related to the third motion for sanctions and subsequent oral argument. (Doc. 215-9, at 2, 9).

for whose depositions the Pozarliks are awarded expenses and attorney fees. (Doc. 175, at 2). Because Brunson was not one of the potential deponents named in the Order, counsel for the Pozarliks are not awarded expenses and attorney fees in connection with preparations for Brunson's deposition. Moreover, the Order specified that attorney fees and expenses in connection with a potential deponent would be awarded "should [counsel for the Pozarliks] choose to take [the deposition]." (Doc. 175, at 2). In their reply brief, Attorneys Padova and Pham admit that they have not taken Brunson's deposition. (Doc. 229, at 14). On this basis alone, counsel for the Pozarliks are denied attorney fees in connection with the Brunson deposition because that deposition appears to have never actually occurred. Accordingly, Defendants' request for a reduction in the number of hours billed is **granted as it pertains to any hours attributable to the deposition of Judith Brunson**.[9]

### 2. Hours Billed by Attorney Pham Prior to August 7, 2014

Defendants next contend that Attorney Pham's total number of hours expended should be reduced by any hours accumulated prior to August 7, 2014. (Doc. 228, at 3). On that date, Attorney Pham sent Defendants a letter informing them that she "will be handling discovery and assisting Attorney John Padova with other matters in the above-mentioned case." (Doc. 228-7, at 2). Attorney Pham formally entered her appearance as co-counsel on the Pozarliks'

---

[9] Many of the submitted billing entries involve activities that pertain to both Brunson and other potential deponents for whom the Pozarliks were awarded attorney fees. *See, e.g.*, (Doc. 215-7, at 2 (billing 0.3 hours by Attorney Pham on August 7, 2014 for "[d]raft & email letter to Attorney Costigan in response to her 8/6/14 letter re: contact information for Hilbert, Cruz, & Brunson")). In these instances, the Court reduces the time expended by Brunson's proportional share. Therefore, because Brunson was one of three potential deponents listed and the activity lasted 0.3 hours, Attorney Padova is credited with 0.2 hours expended for her August 7, 2014 letter.

behalf on March 19, 2015. (Doc. 221). Defendants cite to no authority in support of their contention that the Pozarliks' counsel are not entitled to receive attorney fees for time Attorney Pham may have billed prior to informing Defendants that she would be working on the case. The Court finds it reasonable to award attorney fees for time billed by Attorney Pham prior to informing Defendants that she was working on the case. Defendants' challenge to the reasonableness of the hours billed in this particular regard is therefore **denied**.

### 3.   Research, Clerical Work, and Conversations

Defendants also challenge as excessive the amount of time Attorney Pham devoted to research, clerical work, and conversations with Attorney Padova. (Doc. 228, at 15). In evaluating the reasonableness of the hours billed in a contested attorney fee petition, courts often consider the "specific categories of billing entries to which defendants objected: (1) research, (2) depositions, (3) internal communications, (4) discovery, (5) clerical work, (6) vague entries, and (7) the fee petition." *Walker*, 2013 WL 5947623, at *6. In regard to research, the United State Court of Appeals for the Third Circuit has warned that "[a] fee applicant cannot demand a high hourly rate—which is based on his or her experience, reputation, and a presumed familiarity with the applicable law—and then run up an inordinate amount of time researching that same law." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983). Similarly, in regard to clerical work, courts do not "approve the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates." *Ursic*, 719 F.2d at 677; *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) ("A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable."). Here, although Attorney Pham devotes a fairly high percentage

of her time to research and clerical work involving the logistics of locating potential deponents, serving subpoenas, and arranging depositions, the total amount of time she bills for these tasks is not unreasonable for a relatively inexperienced associate billing at an appropriate hourly rate. (Doc. 215-7). Because the Court has already set an appropriate hourly rate for Attorney Pham, Defendants' challenge to the reasonableness of the hours billed by Attorney Pham is **denied** as it pertains to their claim that she devoted excessive time to research and clerical work.

Likewise, internal communications between attorneys are necessary and often helpful in avoiding the duplication of work, but excessive communications and conferences are not recoverable. *Walker*, 2013 WL 5947623, at *13. In reviewing Attorney Pham's billing statements, the Court finds that the number and length of her conversations with Attorney Padova falls within a reasonable range. (Doc. 215-7). Defendants' request for the Court to reduce the number of hours expended by Attorney Pham on account of excessive communications and conferences with Attorney Padova is therefore denied.

### 4. Deposition Preparation

Defendants argue that Attorneys Padova and Pham spent an excessive amount of time preparing for the depositions of Kalucki, Travis, Cruz, Hilbert, and Simoncic, relative to the actual combined length of those depositions. (Doc. 228, at 15-16). Specifically, counsel for the Pozarliks note that the combined duration of the five depositions was 11.2 hours (Doc. 215-2, at 6), yet proceed to bill a total of 91.2 hours in connection with those depositions. (Doc. 215-2, at 8). Even after excluding the 14.42 combined hours expended in connection with the Brunson deposition for which the Court has already concluded that Attorneys Padova and Pham will not receive fees, the remaining time expended equates to over 5.8 hours billed for every hour Attorney Padova actually spent in a deposition. (Doc. 215-6; Doc. 215-7). In *Walker v. Gruver*,

the court evaluated the reasonableness of time spent preparing for depositions in the context of a contested attorney fee petition, and found that an attorney with 35 years of experience "cannot justify spending three hours preparing for each hour of deposition." 2013 WL 5947623, at *12. Upon considering the additional hours expended on deposition preparation by a less experienced attorney in that particular field of law, the court significantly reduced both attorneys' hours for deposition preparation as repetitive and excessive. *Walker*, 2013 WL 5947623, at *12. The Court finds that the reasoning expressed in *Walker* applies to the hours billed by Attorneys Padova and Pham in connection with the depositions of Kalucki, Travis, Cruz, Hilbert, and Simoncic. Moreover, the Court notes as particularly excessive the decision to expend more than 26 hours in connection with the third deposition of Simoncic—a deposition that lasted 5 hours—after Attorney Padova had already deposed her twice. (Doc. 215-2, at 6; Doc. 215-6, at 3-9). Accordingly, the Court shall **reduce by 50%** the number of hours billed by both Attorneys Padova and Pham for time expended in connection with the depositions of Kalucki, Travis, Cruz, Hilbert, and Simoncic, and thus awards Attorneys Padova and Pham a combined **38.39 hours** for their work involving these depositions.

### 5.  Fee Petition and Reply Brief

In their final challenge to the number of hours expended by the Pozarliks' counsel, Defendants argue that Attorneys Padova and Pham spent an unreasonable amount of time preparing the fee petition. (Doc. 228, at 16). Here, Attorneys Padova and Pham bill a combined 28.9 hours for their initial fee petition and an additional 16.9 hours for the reply brief. (Doc. 216, at 17; Doc. 229, at 17). "A party entitled to a fee award is also entitled to reimbursement for the time spent preparing the fee petition, often referred to as 'fees on fees.'" *Walker*, 2013 WL 5947623, at *17 (citing *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978)). However,

19

"[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. As noted by Defendants (Doc. 228, at 17), district judges within the Middle District of Pennsylvania have generally "awarded fees in the range of 15 to 23 hours for similar petitions." *Walker*, 2013 WL 5947623, at *17 (collecting cases). The issues Attorneys Padova and Pham raise in their fee petition and reply brief are not overly complex so as to justify the combined 45.8 hours billed. Indeed, some of these excessive hours are surely attributable to the fact that Attorneys Padova and Pham disregarded the scope of the Court's July 3, 2014 Order by seeking fees in connection with the Brunson deposition and several times beyond the $1,500.00 limit imposed for fees and expenses in conjunction with the third motion for sanctions and oral argument. (Doc. 175, at 2). Accordingly, the Court shall **reduce by 60%** the number of hours billed for fees on fees, *i.e.* the fee petition and reply brief, and thus awards Attorneys Padova and Pham a combined **18.32 hours**.

C. EXPENSES

In addition to attorney fees, Attorneys Padova and Pham seek reimbursement for $4,424.50 in expenses. (Doc. 216, at 18). Defendants do not separately challenge the reasonableness of the claimed expenses. (Doc. 229, at 15). However, Defendants successfully contested both attorney fees and expenses as they pertained to the third motion for sanctions and oral argument on that motion, as well as the Brunson deposition. *See supra* Part I.B.3. Because Attorneys Padova and Pham have already been awarded the full $1,500.00 in attorney fees alone for the third motion for sanctions and oral argument, they will not be awarded the additional $411.94 in expenses they claim in conjunction with the oral argument. (Doc. 215-9, at 2, 9). Likewise, counsel for the Pozarliks' reimbursement for expenses will also be reduced by the $647.00 claimed in regard to the Brunson deposition, as the Court's July 3, 2014 Order did

not provide for either attorney fees or expenses in connection with the Brunson deposition. (Doc. 175, at 2). After these two deductions, the remaining expenses for which Attorneys Padova and Pham are entitled to reimbursement totals **$3,365.56**.

## III.   CONCLUSION

Counsel for the Pozarliks' petition for attorney fees and expenses is **GRANTED IN PART** and **DENIED IN PART** as follows:

**Oral Argument / Third Motions for Sanctions**

|  | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Atty. Padova | n/a | flat rate | n/a |
| Atty. Pham | n/a | flat rate | n/a |
| Combined | n/a |  | $1,500.00 |

**Depositions of Kalucki, Travis, Cruz, Hilbert, and Simoncic**

|  | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Atty. Padova | 28.88 | $300.00 | $8,664.00 |
| Atty. Pham | 9.51 | $150.00 | $1,426.50 |
| Combined | 38.39 |  | $10,090.50 |

**Attorney Fees and Expenses Petition / Reply Brief**

|  | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Atty. Padova | 4.4 | $300.00 | $1,320.00 |
| Atty. Pham | 13.92 | $150.00 | $2,088.00 |
| Combined | 18.32 |  | $3,408.00 |

**Total Attorney Fees**

|  | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Atty. Padova | 33.28 | $300.00 | $9,984.00 |
| Atty. Pham | 23.43 | $150.00 | $3,514.50 |
| Combined (plus flat rate) | 56.71 |  | $14,998.50 |

**Total Expenses**

|  |  |  | AMOUNT |
|---|---|---|---|
| Combined |  |  | $3,365.56 |

**Total Fees Plus Expenses**                                                      **$18,364.06**

An appropriate Order will follow.


Dated: March 18, 2016                              BY THE COURT:


                                                   s/ Karoline Mehalchick
                                                   KAROLINE MEHALCHICK
                                                   United States Magistrate Judge