UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., a/s/o VILLAGE AT CAMELBACK PROPERTY OWNER ASSOCIATION, et al., <br><br>           Plaintiffs, <br><br>     v. <br><br>QUEENSBORO FLOORING CORP., et al., <br><br>           Defendants. | CIVIL ACTION NO. 3:10-CV-01559 <br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania. Another case, *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, was consolidated into this action on March 15, 2012. (Doc. 31). Pending before this Court is Defendant Bella Chernov's motion for reconsideration (Doc. 342) of the Court's March 4, 2016 Order (Doc. 292) denying Chernov's June 15, 2015 motion for summary judgment (Doc. 243).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Arkadiusz Piotr Pozarlik and Agnieszka Zofia Pozarlik (the "Pozarliks") assert tort claims against several Defendants, including Chernov. (Doc. 194-5). Chernnov was also named as a Defendant in crossclaims filed by co-Defendants the Village at Camelback Property Owners Association, Inc. and Kathleen Simoncic (Doc. 35); Queensboro Professional Wood Flooring, LLC, and its owner, Tomasz Korytkowski (Doc.

38); and Queensboro Flooring PA Corp. (Doc. 93). In her motion for summary judgment, Chernov sought dismissal of all claims asserted against her. (Doc. 243). This Court denied Chernov's motion in a March 4, 2016 Order (Doc. 292), holding that the negligence claims asserted against her may proceed on the theory that Chernov is vicariously liable for the actions of her son, Dmitry Epelboym. (Doc. 292). Chernov filed the instant motion for reconsideration (Doc. 342), along with a brief in support thereof (Doc. 343), on March 17, 2016. The Pozarliks filed a brief in opposition to the motion for reconsideration on March 25, 2016 (Doc. 388), and oral argument was held on March 28, 2016 (Doc. 393). Accordingly, this matter is now ripe for disposition.

## II. DISCUSSION

### A. MOTION FOR RECONSIDERATION STANDARD

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 (1986); *Sibio v. Borough of Dunmore*, 2007 WL 1173769 (M.D. Pa. 2007). In order to prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "With regard to the third ground, . . . any litigant considering bringing a motion to reconsider . . . should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992) (citation omitted). "A motion for reconsideration is not to be used

2

as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal citation omitted).

B. ANALYSIS

Chernov bases her motion for reconsideration on alleged errors of law and fact in the Court's summary judgment opinion. (Doc. 343, at 14).

1. **Findings of Fact**

In regard to the Court's findings of fact, Chernov disputes the Court's finding that she was under a duty to have the construction work at Unit 298 performed with due care because: (1) the Monroe County Court of Common Pleas judgment ordered Chernov to have the deck torn down and rebuilt in compliance with the applicable building codes and regulations; and (2) the building permit applications were submitted in her name. (Doc. 291, at 18-21). In making a summary judgment determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). At oral argument on the motion for reconsideration, counsel for Chernov argued that Chernov was completely unaware of both the Monroe County Court of Common Pleas judgment issued against her—despite the appearance of counsel on her behalf in that case, and the permit applications filed with her signature on them.

As a preliminary matter, "a party is deemed to have notice of all facts pertinent to his case which are known to his attorney and is bound by his attorney's acts or omissions as '[a]ny other notion would be wholly inconsistent with our system of representative litigation.'" *Defeo v. Allstate Ins. Co.*, No. CIV.A. 95-244, 1996 WL 711273, at *1 (E.D. Pa. Dec. 6, 1996) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)). Chernov's attempt

3

to claim ignorance of the obligations imposed on her under the terms of the Court of Common Pleas judgment because she did not attend the court proceedings in person is therefore unavailing. Furthermore, the existence of the Court of Common Pleas judgment against Chernov was properly before this Court to consider in ruling on Chernov's motion for summary judgment. (Doc. 248-2). Accordingly, the Court did not err in refraining from making a credibility determination as to Chernov's claim that she was unaware of the Court of Common Pleas judgment.

Counsel for Chernov also alleged at oral argument that Chernov was unaware of the building permit applications that bore her name and signature, as they were instead signed by her sister-in-law. However, Chernov admits in her own deposition testimony that she signed at least some of the building permit applications herself. (Doc. 243-1, at 14). Accordingly, given the Court's obligation at the summary judgment stage to view the facts in the light most favorable to the nonmoving parties, the Court did not make a clear error of fact that would warrant reconsideration.

### 2. Application of Law

Chernov also contends that the Court erred in its application of the law of agency by finding that Chernov could be held liable for Epelboym's actions.

First, Chernov argues that section 250 of the Restatement (Second) of Agency "is [i]napplicable" to this case because Chernov neither intended nor authorized the manner of performance of the work at Unit 298, and because she was also not under a duty to have the work performed with due care. (Doc. 343, at 6-9). As noted above, however, Chernov's duty to have the construction work at Unit 298 performed with due care stemmed from the Court of Common Pleas judgment entered against her and the building permit applications

4

submitted in her name. In urging the Court to reconsider its finding that she had a duty to ensure the work at Unit 298 was performed with due care, Chernov asks the Court to make exactly the sort of credibility determination that is inappropriate at the summary judgment stage.

In denying Chernov's motion for summary judgment, the Court specifically cited comment b to section 250, which states that "the principal may be liable if he should know that there is an undue risk that the agent will be negligent and harm others, in which case his liability will be in accord with the rule stated in Section 213." Restatement (Second) of Agency § 250, cmt. b. Section 213 provides:

> A person conducting an activity through servants *or other agents* is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> (a) in giving improper or ambiguous orders of in failing to make proper regulations; or
>
> (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:
>
> (c) in the supervision of the activity; or
>
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.
>
> Restatement (Second) of Agency § 213 (1958) (emphasis added).

This Court concluded that a reasonable jury could find that Chernov should have known that Epelboym was unfit to continue serving as the general contractor for the construction work at Unit 298 after the Court of Common Pleas determined that the work was illegal, and thus ignored the undue risk that Epelboym would be negligent and harm others. (Doc. 291, at 21). As Chernov notes, liability under section 213 "exists only if all the requirements of an action of tort for negligence exist." Restatement (Second) of Agency § 213, cmt. a.

5

However, despite Chernov's contentions, it does not necessarily follow that Chernov is not liable for any negligence action whatsoever merely because this Court determined that she is not liable for negligent hiring under Pennsylvania law. (Doc. 291, at 22-24; Doc. 343, at 9-13). To the contrary, after the Court of Common Pleas found the construction work at Unit 298 to be illegal and defective in the judgment entered against her, Chernov had a duty to potential workers at Unit 298 to provide at least some form of supervision of the construction activity given that the Court of Common Pleas order exposed the inadequacies of the Ukrainian workers in carrying out the construction work and of Epelboym as the general contractor.[1] Thus, even without liability for negligent hiring under Pennsylvania law, Chernov is potentially liable in her own right for failing to provide any supervision of the construction or otherwise attempting to prevent Epelboym and the Ukrainian workers from continuing to act negligently. Restatement (Second) of Agency § 213 (1958).

As a final matter, Chernov requests this Court to modify the denial of summary judgment to reflect that Chernov is not directly liable to the Pozarliks. (Doc. 343, at 13-14). Under Pennsylvania law, "[t]ermination of the claim against the agent extinguishes the derivative claim against the principal." *Mamalis v. Atlas Van Lines, Inc.*, 528 A.2d 198, 200 (Pa. Super. Ct. 1987) *aff'd*, 560 A.2d 1380 (Pa. 1989). Here, Chernov argues that the Pozarliks cannot bring any claims against her under a theory of vicarious liability because the Pozarliks' claims against Epelboym were "terminated." The parties do not dispute that

---

[1] Counsel for Chernov further contended at oral argument that the evidence supports a finding that only some—rather than all—of the Ukrainian workers responsible for the defective construction work that was the subject of the Court of Common Pleas judgment were present at Unit 298 on the day of the explosion. The Court fails to see how this distinction impacts the Court's determination of the motion for summary judgment.

6

the Pozarliks asserted a claim against Epelboym as part of their initial complaint in *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-cv-1349, which was consolidated into this action, but ultimately chose to omit Epelboym as a Defendant to the second amended complaint on which the Pozarliks are currently proceeding. (Doc. 194-5; Doc. 388, at 4-6). The Pozarliks argue that no claim against Epelboym was ever "terminated" as the term is used in *Mamlis*. The Pennsylvania Superior Court in *Mamlis* reasoned:

> The rules of vicarious liability respond to a specific need in the law of torts: how to fully compensate an injury caused by the act of a single tortfeasor. Upon a showing of agency, vicarious liability increases the likelihood that an injury will be compensated, by providing two funds from which a plaintiff may recover. If the ultimately responsible agent is unavailable or lacks the ability to pay, the innocent victim has recourse against the principal. If the agent is available or has means to pay, invocation of the doctrine is unnecessary because the injured party has a fund from which to recover.

*Mamalis*, 528 A.2d at 200-01.

Here, the Pozarliks never received compensation from Epelboym and did not sign any agreement releasing Epelboym from liability. (Doc. 388, at 6). The facts of this case thus are easily distinguishable from the facts in *Mamlis*, where the plaintiff received compensation via settlement agreement with the agent and then sought to recover further from the principal. 528 A.2d at 200. Chernov provides no caselaw to support her contention that claims against a principal may be terminated without any sort of settlement or release of the agent. Given the lack of authority to the contrary, this Court does not find that it was a clear error of law for the Court to permit the Pozarliks to proceed against Chernov under a theory of vicarious liability.

### III.  CONCLUSION

For the foregoing reasons, Chernov's motion for reconsideration (Doc. 342) is denied.

An appropriate Order follows.

Dated: March 31, 2016                                          *s/ Karoline Mehalchick*
                                                                             **KAROLINE MEHALCHICK**
                                                                             **United States Magistrate Judge**