UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., a/s/o VILLAGE AT CAMELBACK PROPERTY OWNER ASSOCIATION, et al., <br><br>Plaintiffs, <br><br>v. <br><br>QUEENSBORO FLOORING CORP., et al., <br><br>Defendants. | CIVIL ACTION NO. 3:10-CV-01559 <br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania. Another case, *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, was consolidated into this action on March 15, 2012. (Doc. 31). Pending before this Court is a motion for reconsideration filed by Defendants the Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic (collectively, the "Association Defendants"). (Doc. 354). The Association Defendants seek reconsideration of the Court's March 4, 2016 Order (Doc. 292) denying their June 15, 2015 motion for summary judgment (Doc. 247).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Arkadiusz Piotr Pozarlik and Agnieszka Zofia Pozarlik (the "Pozarliks") assert tort claims against several Defendants, including the Association Defendants. (Doc. 194-5). In their motion for summary judgment, the Association Defendants sought dismissal

of the negligence claim asserted against them, arguing that they owed no duty to the Pozarliks and that any breach of duty was not the cause of Mr. Pozarlik's injury. (Doc. 247; Doc. 257). This Court denied the Association Defendants' motion in a March 4, 2016 Order (Doc. 292), holding that the negligence claim asserted against them may proceed because a duty of care owed to Pozarlik could be derived from the Association's Declaration and that the Pozarliks had presented sufficient evidence to create a question for the jury on the issue of causation. (Doc. 291, at 51). The Association Defendants filed the instant motion for reconsideration on March 18, 2016 (Doc. 354), and filed a brief in support the following day (Doc. 355). The Pozarliks filed a brief in opposition to the motion for reconsideration on March 25, 2016 (Doc. 389), and oral argument was held on March 28, 2016 (Doc. 393). Accordingly, this matter is now ripe for disposition.

**II.  DISCUSSION**

  A.  MOTION FOR RECONSIDERATION STANDARD

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 (1986). In order to prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "With regard to the third ground, . . . any litigant considering bringing a motion to reconsider . . . should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Dodge v. Susquehanna*

*Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992) (citation omitted). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal citation omitted).

B. ANALYSIS

The Association Defendants base their motion for reconsideration on an alleged error of law and fact in the Court's summary judgment opinion. (Doc. 355, at 3). Specifically, the Association Defendants contend that the duty and causation elements of the Pozarliks' negligence claim cannot be established because the Association only had a right, rather than a duty, to inspect the construction work at Unit 298. (Doc. 355, at 3-4).

The Pozarliks counter that there is sufficient evidence to create a genuine issue of material fact as to whether the Association had a duty to inspect that was derived from the Association's Declaration and the conduct of the Associations' employees. (Doc. 389, at 4). More broadly, the Pozarliks assert that the Association Defendants impermissibly use their motion for reconsideration to reargue issues that this Court already thoroughly considered in denying the Association Defendants' motion for summary judgment. (Doc. 389, at 9); *see Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 429 (E.D. Pa. 2014) ("A motion for reconsideration may not . . . be used to give a litigant a 'second bite at the apple' as to an argument on which it previously did not succeed.").

This Court agrees with the Pozarliks' contention that the Association Defendants fail to meet the high threshold needed to entitle them to reconsideration on their motion for summary judgment. The Association Defendants do not appear to allege any clear error of

law in this Court's denial of their motion for summary judgment, but instead argue that the Court misconstrued the Association's Declaration in concluding that the Pozarliks satisfied the duty and causation elements of a negligence claim. (Doc. 355, at 4, 13). The Association Defendants contend that the Declaration only established a right, rather than a duty, for the Association to inspect inside individual units for the purpose of correcting potential breaches of the Association's protective covenants. (Doc. 355, at 4).

Article VI.B of the Declaration provides that "[t]he . . . Association . . . shall have a right of access to any part or parts of the property for the purpose of making inspections or for the purpose of correcting any condition likely to result in a breach of any protective covenants . . . ." (Doc. 248-14, at 35). Although Article VI.B refers to a "right" of access, other provisions throughout the Declaration indicate that the Association has a duty to enforce its rights in ensuring that that the protective covenants are not violated. Section 20 of Article I of the Declaration states that "the Managing Agent shall be the entity responsible for the management of the Dwelling Units, Common Lands, and Common Roads, and shall have the powers and responsibilities set forth in Article V of this Declaration." (Doc. 248-14, at 8). Article V.D(2)(a)(3) further provides that "[t]he Managing Agent shall render services and perform duties as follows: . . . (e) Take such action, in its own name and/or in the name of the . . . Association, . . . to enforce any protective covenant rendered herein." (Doc. 248-14, at 20-21). In reading these Declaration provisions as a whole, the Court finds a genuine issue for trial as to whether the Association Defendants had a duty to enforce their rights under the Declaration, including the right of inspection found in Article VI.B. *See Heebner v. Nationwide Ins. Enter.*, 818 F. Supp. 2d 853, 856 (E.D. Pa. 2011) ("The provisions of the contract must be read as a whole, and not in a

vacuum . . . ."). Furthermore, Pennsylvania law embraces the traditional rule of contract interpretation that ambiguous terms of an agreement are to be construed against the drafter of the instrument. *In re Breyer's Estate*, 379 A.2d 1305, 1310 (Pa. 1977). In light of the traditional rules of contract interpretation and the Court's obligation to draw all inferences in the light most favorable to the non-moving party, this Court did not commit clear error that would warrant reconsideration in determining that a duty of care could be derived from the Association's Declaration.[1]

### III. CONCLUSION

For the foregoing reasons, the Association Defendants' motion for reconsideration (Doc. 354) is denied.

An appropriate Order follows.

Dated: March 31, 2016                                *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **United States Magistrate Judge**

---

[1] Because the Association Defendants' entire causation argument is premised on a lack of duty under the Declaration, which this Court has already addressed and rejected, the Court need not separately consider the Association Defendants' causation argument.

5