## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

COMMUNITY ASSOCIATION
UNDERWRITERS OF AMERICA, INC.,
a/s/o VILLAGE AT CAMELBACK
PROPERTY OWNER ASSOCIATION,
et al.,

                Plaintiffs,

     v.

QUEENSBORO FLOORING CORP.,
et al.,

                Defendants.

CIVIL ACTION NO. 3:10-CV-01559

(MEHALCHICK, M.J.)

## MEMORANDUM OPINION

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania. Another case, *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, was consolidated into this action on March 15, 2012. (Doc. 31). Pending before this Court is a motion for leave to file a third-party complaint raised by the Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic (collectively, the "Association Defendants"), at the pre-trial conference and motion hearing before the Court on March 28, 2016.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Arkadiusz Piotr Pozarlik and Agnieszka Zofia Pozarlik (the "Pozarliks") assert tort claims against several Defendants, including: the Association Defendants; Queensboro Professional Wood Flooring, LLC, and its owner, Tomasz Korytkowski (collectively, the "Queensboro Professional Defendants"); Queensboro Flooring PA Corp. ("Queensboro PA"); and property owner Bella Chernov. (Doc. 194-5). Chernov's son,

Dmitry Epelboym, was not named as a defendant in the second amended complaint on which the Pozarliks are currently proceeding. However, the Queensboro Professional Defendants filed a third-party action on July 25, 2012 seeking contribution and/or indemnification against Epelboym. (Doc. 45). Moreover, on May 17, 2013, Queensboro PA filed several crossclaims, including a claim for contribution and/or indemnification against Epelboym. (Doc. 91; Doc. 92; Doc. 93). Epelboym remained a Third-Party Defendant and Crossclaim Defendant throughout the discovery process, and filed an unsuccessful motion for summary judgment. (Doc. 246). At the March 28, 2016 pre-trial conference, however, counsel for both the Queensboro Professional Defendants and Queensboro PA notified the Court that they had settled all claims. (Doc. 393). The Queensboro Professional Defendants filed a notice of voluntary dismissal of their third-party claim against Epelboym on March 29, 2016 (Doc. 395), and Queensboro PA followed suit by filing a notice of voluntary dismissal of their crossclaim against Epelboym two days later (Doc. 399). Because Epelboym is not a party to any of the claims still pending, the Association Defendants' attempt to assert a claim for contribution against Epelboym must be made pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure.[1] Epelbyom objects to the Association Defendants' motion, arguing that he would be unduly prejudiced by the addition of a new claim for contribution against him at this late stage in the litigation.

---

[1] In contrast, the Association Defendants potentially could have asserted a crossclaim against Epelboym pursuant to Rule 13(g) if he had still been a "coparty." Fed. R. Civ. P. 13(g).

II.  **LEGAL STANDARD**

As noted above, the Association Defendants' motion for leave to file a claim for contribution against Epelboym is brought pursuant to Federal Rule of Civil Procedure 14(a)(1). Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The Local Rules of Court for the Middle District of Pennsylvania further address motions for leave to file third-party complaints. Local Rule 14.1 provides that:

> A motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur.

> L.R. 14.1.

However, Local Rule 14.3 permits the court to suspend the deadlines established in Local Rule 14.1 upon a showing of good cause. L.R. 14.3; *see* L.R. 1.3 ("When a judge of this court issues any order in a specific case which is not consistent with these rules, such order shall constitute a suspension of these rules for such case only and only to the extent that it is inconsistent.").

Federal Rule of Civil Procedure 14 provides for impleader "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all of the interested persons in one suit." *Naramanian v. Greyhound Lines, Inc.,* Civ. No. 07–cv–4757, 2010 WL 4628096, *2 (E.D. Pa. Nov. 15, 2010) (quoting *Glens Falls Indem. Co. v. Atl. Bldg. Corp.,* 199 F.2d 60, 63 (4th Cir. 1952)). Third-party practice under Rule 14 reduces duplicative litigation. *See Schwab v. Erie Lackawanna R.R. Co.,* 438 F.2d 62, 67 (3d Cir. 1971).

Federal courts therefore liberally grant leave to join third parties in the interest of judicial economy. *Gonzalez v. Angelus Sanitary Canning Mach. Co.,* Civ. No. 09–cv–1455, 2010 WL 4514332, *2 (M.D. Pa. Nov. 2, 2010). In order to utilize the procedure of Rule 14, however, a third-party plaintiff must demonstrate some substantive basis for its claim.[2] *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 (M.D. Pa. 1985). Moreover, the Third Circuit has noted that:

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.
>
> *FDIC v. Bathgate,* 27 F.3d 850, 873 (3d Cir. 1994).

Upon finding a proper substantive basis for the claim, a court exercises its discretion in determining whether to grant leave to file the third-party complaint. *See Doland v. Berrios,* Civ. No. 11–cv–1783, 2013 WL 3511421, *2 (M.D. Pa. July 11, 2013). In making this determination, "the court considers: (1) the timeliness of the motion; (2) the probability of trial delay; (3) the possible prejudice to the plaintiff; and (4) the complication of issues at trial." *Knopick v. Downey*, No. 1:09-CV-1287, 2013 WL 6002350, at *6 (M.D. Pa. Nov. 12, 2013).

## III.   DISCUSSION

The Association Defendants seek to file a third-party complaint against Epelboym, alleging the right of contribution as the substantive basis for their claim. Under

---

[2] In a diversity action, a federal court applies state law to determine if a third-party plaintiff raises a proper substantive basis for its claim. *See Robbins v. Yamaha Motor Corp.,* 98 F.R.D. 36, 38 (M.D. Pa. 1983).

Pennsylvania law, "[t]he right of contribution exists among joint tort-feasors." 42 Pa. Cons. Stat. § 8324(a). The term "join tort-feasors" is defined in this context as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. Cons. Stat. § 8322. The Court therefore finds that the Association Defendants assert a proper substantive basis for their claim, and thus will consider the four factors traditionally weighed by federal courts in determining whether to permit the filing of a third-party complaint. *See Knopick*, 2013 WL 6002350, at *6; *Gonzalez*, 2010 WL 4514332, at *2 (citing *Schlegel v. Wilson-Cook Med., Inc.*, No. CIV.A.1:05-CV-0660, 2007 WL 465528, at *5 (M.D. Pa. Feb. 8, 2007); *Con-Tech Sales Defined Ben. Trust v. Cockerham*, 715 F. Supp. 701, 703 (E.D. Pa. 1989)).

First, the Association Defendants' motion is clearly untimely. This case was initiated several years ago, and the Association Defendants knew that the Queensboro Professional Defendants and Queensboro PA had filed claims for contribution against Epelboym in 2012 and 2013, respectively. (Doc. 45; Doc. 91; Doc. 92; Doc. 93). Moreover, pursuant to Local Rule 14.1, the Association Defendants should have sought leave to assert their claim for contribution against Epelboym by September 26, 2012, roughly-three-and-a-half years before the Association Defendants first indicated their intent to assert the instant motion. (Doc. 35; Doc. 369, at 22). This factor therefore weighs against granting the Association Defendants' motion. However, timeliness alone is not dispositive of a court's determination of whether to grant leave to file a third-party complaint. *See Gonzalez*, 2010 WL 4514332, at *3 (citing Local Rules 1.3 and 14.3).

Second, the Court finds that granting the Association Defendants' motion is unlikely to delay trial. Epelboym has been involved in this case since late 2012, and the facts and

issues raised by the Association Defendants in their claim for contribution would be substantially identical to those previously raised by the Queensboro Professional Defendants and Queensboro PA. *See Gonzalez*, 2010 WL 4514332, at *3 (finding that this factor favors permitting the third-party complaint "[g]iven the substantial similarity of facts and issues in the complaint and third party complaint . . ."). Furthermore, "denying joinder would run a high risk of burdening the Court's calendar further, as . . . an adverse judgment against [the Association Defendants] would obligate them to file a separate claim against [Epelboym] for contribution and indemnity, requiring the litigation process to begin again . . . ." *Crowder v. Emerson Elec. Co.*, No. 1:09-CV-00352, 2010 WL 4916135, at *5 (M.D. Pa. Oct. 19, 2010), *report and recommendation adopted*, No. 1:09-CV-352, 2010 WL 4917220 (M.D. Pa. Nov. 24, 2010). Accordingly, this factor weighs in favor of granting the Association Defendants' motion.

Third, there is no concern about prejudice to the Plaintifs in this case, the Pozarliks. Counsel for the Pozarliks attended the March 28, 2016 pre-trial conference where this motion was formally raised and argued, but did not oppose the Association Defendants' motion to permit a late third-party complaint. Accordingly, the third factor also supports granting the Association Defendants' motion.

The fourth and final factor, whether granting leave to file the third-party complaint would complicate issues at trial, also favors the Association Defendants. Although this is already a fairly complicated case, the addition of Epelboym as a Third-Party Defendant would not make the issues for trial significantly more complex. Epelboym is almost certain to be called to testify at trial regardless of whether this motion is granted, so his presence as a Third-Party Defendant would not unduly confuse a jury. Furthermore, the facts and issues

in the Pozarliks' complaint are essentially the same as those that would be asserted in the Association Defendants' claim for contribution. Accordingly, the fourth factor also weighs in favor of granting the Association Defendants' motion.

Upon review of the relevant factors, the Court finds that "[t]he judicial economy of trying common questions of fact against all persons in the controversy outweighs" the dilatoriness of the Association Defendants in first asserting their claim for contribution at this late stage in the litigation. *Gonzalez*, 2010 WL 4514332, at *3. Furthermore, to the extent that Epelboym claims he would be prejudiced by the assertion of a new claim for contribution against him just weeks before trial begins, Epelboym's "claims of prejudice are simply not relevant to the outcome here, as prejudice to the third-party defendant is not a factor in the modern analysis under Local Rules 14.1 and 14.3." *Crowder*, 2010 WL 4916135, at *6. Moreover, the Court is committed to pre-trial management practices that will balance the need for the prompt resolution of this litigation with ensuring that Epelboym does not suffer any undue prejudice. *Doland*, 2013 WL 3511421, at *3. Accordingly, the Court finds good cause to permit the Association Defendants to file their third-party complaint pursuant to Federal Rule of Civil Procedure 14(a)(1) and Local Rule 14.3.

## IV.  CONCLUSION

For the foregoing reasons, the Association Defendants' motion for leave to file a third-party complaint is granted.

An appropriate Order follows.

Dated: April 7, 2016                                    *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**