# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

COMMUNITY ASSOCIATION
UNDERWRITERS OF AMERICA, INC.,
a/s/o VILLAGE AT CAMELBACK
PROPERTY OWNER ASSOCIATION,
et al.,

CIVIL ACTION NO. 3:10-CV-01559

Plaintiffs,

(MEHALCHICK, M.J.)

v.

QUEENSBORO FLOORING CORP.,
et al.,

Defendants.

## MEMORANDUM OPINION

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania.[1] At an April 7, 2016 telephone status conference, the parties discussed the motions in limine pending in this case. (Doc. 410). The Court now addresses several of these motions, including:

1. Three motions in limine filed by the Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic (collectively, the "Association Defendants"), seeking to preclude as untimely disclosed parts or all of the following Plaintiffs' expert witnesses' testimony: (a) the expert testimony of Plaintiffs' psychiatry expert, Dr. Jonathan Beatty (Doc. 319); (b) the expert testimony of Plaintiffs' vocational expert, Gary Young (Doc. 344); and (c) the supplemental expert testimony of Plaintiffs' life care plan expert, Dr. Barry Root (Doc. 380);

---

[1] Another case, *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, was consolidated into this action on March 15, 2012. (Doc. 31).

2. Two motions in limine involving Defendant Queensboro Flooring PA Corp. ("Queensboro PA") (Doc. 325; Doc. 327), which notified the Court at the March 28, 2016 pre-trial conference that it has settled all claims that it was involved in;

3. Motions in limine filed by Plaintiffs (Doc. 302) and the Association Defendants (Doc. 309) challenging the qualifications of each other's fire and gas experts (Michael Zazula on behalf of the Association Defendants and Patrick McGinley on behalf of Plaintiffs); and

4. Plaintiffs' motion in limine seeking to preclude as cumulative the expert testimony of the Association Defendants' experts Peter Anderson, Robert Buckley, and Michael Zazula (Doc. 300); as well as portions of the Association Defendants' motions in limine seeking to preclude as cumulative the expert testimony of Plaintiffs' witnesses Charles Graziano, Robert Illo, and Patrick McGinley (Doc. 310, at 21-22; Doc. 312, at 25-26; Doc. 314, at 25-26).

### Dr. Johnathan Beatty

The Association Defendants first seek to preclude the expert testimony of Dr. Jonathan Beatty, noting that Plaintiffs failed to name Dr. Beatty as an expert witness or serve the Association Defendants with a copy of his expert report until March 11, 2016, roughly 40 days before trial. (Doc. 320, at 4). Pursuant to Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure, "[a]bsent a stipulation or a court order, [disclosure of an expert witness] must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial . . . ." A party that fails to disclose an expert witness within the time limitation required by Rule 26(a) "is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Furthermore, the Local Rules of Court for the Middle District of Pennsylvania provide that "[a]fter the expiration of the discovery deadline, the parties are deemed ready for trial." L.R. 26.4. In the case at bar, Plaintiffs first disclosed Dr. Beatty as an expert witness approximately 40 days before the date set for trial and over a year after a close of discovery, thereby failing to comply with both Federal Rule of Civil Procedure 26(a)(2)(D) and Local Rule 26.4.

Plaintiffs argue that their untimeliness should be excused because of Arkadiusz Pozarlik's reluctance to see a mental health specialist, and because the Association Defendants were previously provided reports and medical records from other doctors that examined Mr. Pozarlik and found that he had mental health issues. (Doc. 374, at 7-8). Plaintiffs thus contend that their failure to disclose Dr. Beatty within the deadline established by Rule 26(a)(2)(D) should be excused as harmless. [2] "The burden is on the non-producing party to prove substantial justification or that its failure to produce was harmless." *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2014 WL 1276487, at *6 (M.D. Pa. Mar. 27, 2014). Federal courts consider the following factors in determining whether a party's failure to disclose is harmless:

> (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the information . . . .

> *Ely*, 2014 WL 1276487, at *6 (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997); *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977)).

Here, Plaintiffs fail to meet their burden of proving that the untimely disclosure of Dr. Beatty as an expert witness was harmless. Although Plaintiffs may have furnished the Association Defendants with medical records from other doctors finding that Mr. Pozarlik had mental health issues, this information did not serve to put the Association Defendants on notice that

---

[2] The "substantial justification" exception, on the other hand, "is satisfied if 'there exists a genuine dispute concerning compliance.'" *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002) (quoting *Henrietta D. v. Giuliani*, No. 95 CV 0641 (SJ), 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)). Because Plaintiffs do not allege that they complied with the 90-day notice requirement found in Rule 26(a)(2)(D), or that the requirement was somehow inapplicable to the disclosure of Dr. Beatty as an expert witness, the Court need not consider the "substantial justification" exception.

Plaintiffs planned to call a dedicated psychiatry expert. As the Association Defendants note, the disclosure of Dr. Beatty as an expert witness this close to trial deprives the Association Defendants of adequate time to depose Dr. Beatty, have their own experts evaluate and comment on Dr. Beatty's report and medical notes, or hire a psychiatric expert of their own. (Doc. 320, at 5-6). The Court thus finds that the first four factors—the importance of the information withheld, the prejudice to the Association Defendants, the likelihood of disruption of the trial, and the difficulty of curing the prejudice—each weigh against excusing Plaintiffs' noncompliance with Rule 26(a) as harmless. Furthermore, although the Court does not find bad faith in Plaintiffs' late disclosure of Dr. Beatty as an expert witness, Mr. Pozarlik's "ambivalence about seeking treatment from a mental health specialist" is an inadequate explanation for Plaintiffs' noncompliance with Rule 26(a). (Doc. 374, at 7). Because the balance of factors do not support a finding that Plaintiffs' failure to timely disclose Dr. Beatty as an expert witness was harmless, the Court concludes that Dr. Beatty may not testify as an expert witness at trial.[3]

In light Dr. Beatty being precluded from testifying as an expert witness at trial, Plaintiffs seek to allow his testimony as a treating physician. The Association Defendants object to this as well. It is clear that in the Third Circuit, treating physicians may testify as lay witnesses regarding diagnosis and treatment under some circumstances. *Pease v. Lycoming Engines*, No. 4:10-CV-00843, 2012 WL 162551, at *12 (M.D. Pa. Jan. 19, 2012); *see Allen v. Parkland Sch.*

---

[3] During the April 7, 2016 telephone status conference, Plaintiffs' counsel requested that Dr. Beatty be permitted to testify as a fact witness in the event that the Association Defendants' motion in limine seeking to preclude Dr. Beatty from testifying as an expert witness is granted. The Court intends to address this issue separately at a later date.

*Dist.*, 230 Fed. App'x 189, 194 (3d Cir.2007); *Collins v. Prudential Inv. and Ret. Svcs.*, 119 Fed. App'x 371, 379 (3d Cir.2005); *Haines v. Davies*, No. 1:07–CV–00851, 2009 WL 331433, at *3 (M.D.Pa.2009). Although the Association Defendants submit that the late disclosure of Dr. Beatty as a fact witness also weighs against him being allowed to testify, the Court finds that the *Meyers* factors, outlined above, weigh in favor of allowing Dr. Beatty to testify as a fact witness at trial. Specifically, the Court finds that the importance of the information withheld and the likelihood of disruption of the trial weigh in favor of excusing Plaintiffs' noncompliance with Rule 26(a) as harmless. Further, the Court finds that any prejudice to the Association Defendants, and the difficulty of curing the prejudice weigh in favor of excusing Plaintiffs' noncompliance with Rule 26(a) as harmless. The Court expects that Plaintiffs will cooperate in producing any medical records not already produced with Dr. Beatty's report, and will further produce him for a deposition if the Association Defendants wish to conduct the same prior to trial. Accordingly, Dr. Beatty will be permitted to testify as a fact witness as to Plaintiff's diagnosis and treatment, ***but not as to his prognosis or causation***. *See Allen v. Parkland Sch. Dist.*, 230 Fed. App'x 189, 194 (3d Cir.2007); *Collins v. Prudential Inv. and Ret. Svcs.*, 119 Fed. App'x 371, 379 (3d Cir.2005); *Haines v. Davies, No. 1:07–CV–00851*, 2009 WL 331433, at *3 (M.D.Pa.2009); *Upchurch v. Hester*, No. 05–CV–252, 2006 WL 3020772, at *2 (D.Del. Oct. 23, 2006); *Garza v. Roger Henson Trucking, L.L.C.*, No. 7:05–CV–5001, 2006 WL 1134911, *3 (D.Neb. Apr.26, 2006),

### Gary Young and Dr. Barry Root

The Association Defendants next seek to preclude the supplemental expert testimony of Plaintiffs' witnesses Gary Young and Dr. Barry Root, arguing that the supplemental reports provided by both experts also were untimely under Federal Rule of Civil Procedure 26(a)(2)(D)

and Local Rule 26.4.[4] (Doc. 344; Doc. 345; Doc. 380; Doc. 381). However, as noted by Plaintiffs, Federal Rule of Civil Procedure 26(e)(2) provides separate time constraints for the disclosure of supplemental reports, as opposed to entirely new expert reports. (Doc. 386, at 6). Specifically, "[a]ny additions or changes to [an expert's report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3) states, in relevant part, that pretrial "disclosures must be made at least 30 days before trial." Here, the supplemental reports from Young and Dr. Root were disclosed approximately 40 days before trial. (Doc. 345, at 4; Doc. 381, at 4). Because both supplemental reports complied with the requirements set forth in Rule 26(e)(2), the Association Defendants' motions in limine to preclude the supplemental expert testimony from Young and Dr. Root must be denied. (Doc. 344; Doc. 380).

### Motions involving Queensboro PA

Two motions in limine pertained to Queensboro PA, which has settled all claims that it was involved in. (Doc. 325; Doc. 327). During the April 7, 2016 telephone status conference, Queensboro PA indicated that it withdraws its motion in limine seeking to preclude the introduction of any evidence by Defendant Bella Chernov as to the negligence of Queensboro PA. (Doc. 327). Likewise, Chernov withdrew her motion in limine seeking to preclude the testimony of Bruce Loch, Queensboro PA's expert witness in accounting and consulting, although this motion was withdrawn without prejudice to Chernov's ability to re-raise it if

---

[4] In addition to the exclusion of any testimony related to Young and Dr. Root's supplemental expert reports, the Association Defendants also seek to preclude Young's expert testimony in its entirety, challenging the methodology and "fit" of Young's expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993). These issues will be addressed at a *Daubert* hearing to be held during the week of April 11, 2016.

another party chooses to retain Loch as an expert witness. (Doc. 325). Accordingly, each of these motions in limine are deemed withdrawn.

### Michael Zazula and Patrick McGinley

Plaintiffs (Doc. 302) and the Association Defendants (Doc. 309) both challenge the qualifications of each other's fire and gas experts. Federal Rule of Evidence 702 provides that a witness may be "qualified as an expert by knowledge, skill, experience, training, or education . . . ." The United States Court of Appeals for the Third Circuit liberally interprets this knowledge requirement, and notes that "[t]he basis of this specialized knowledge 'can be practical experience as well as academic training and credentials.'" *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998) (quoting *American Tech. Res. v. United States*, 893 F.2d 651, 656 (3d Cir. 1990)). Despite each lacking four-year college degrees, the Association Defendants provide ample evidence of Michael Zazula's practical experience and training in the field of fire and gas explosion investigations, and Plaintiffs furnish the same in regard to Patrick McGinley. For instance, Mr. Zazula has performed forensic investigations of fires as an engineering consultant, possesses certifications from the National Association of Fire Investigators, and has both attended and conducted numerous fire-related seminars. (Doc. 360, at 22; Doc. 360-8). Likewise, Mr. McGinley has over 40 years of experience in fire investigation, including work as a Fire Marshall, and has investigated over 100 explosion cases. (Doc. 371, at 15-16). Based on this evidence and the Third Circuit's permissive interpretation of the qualifications requirement found in Federal Rule of Evidence 702, the Court is satisfied with the qualifications of Mr. Zazula and Mr. McGinley to testify on the subject of fire and gas explosion investigations. However, to the extent that Plaintiffs and the Association Defendants contend that Mr. Zazula and Mr. McGinley will testify to other subjects beyond the scope of fire and gas explosion

investigations, the witnesses' qualifications as to these other subjects may be addressed at the *Daubert* hearings scheduled for the week of April 11, 2016.

### Cumulative Expert Testimony

As a final matter, both Plaintiffs and the Association Defendants challenge each other's expert witnesses as providing cumulative testimony. (Doc. 300; Doc. 310, at 21-22; Doc. 312, at 25-26; Doc. 314, at 25-26). Although Federal Rule of Evidence 403 permits federal courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence," the Third Circuit, as noted above, favors a liberal policy when it comes to the admissibility of expert testimony. *Waldorf*, 142 F.3d at 625. Furthermore, although Plaintiffs contend that the Association Defendants' experts share the same opinions (Doc. 301, at 5-6), Messrs. Anderson (engineering), Buckley (cause and origin), and Zazula (fire and gas explosion investigations) each have distinct areas of expertise. (Doc. 368, at 36-37). The same is true for Plaintiffs' experts Messrs. Graziano (OSHA and property management/property owner associations), Illo (engineering and construction projects) and McGinley (fire and gas explosion investigations). (Doc. 371, at 24). Because both parties' expert witnesses present unique expertise and in light of the Third Circuit's inclination towards permitting expert testimony, the Court is unwilling to exclude either party's expert testimony as cumulative at this time. However, these motions may be re-raised at a later date.

In conclusion, and in accordance with the foregoing, the Court finds as follows:

1. The Association Defendants' motion in limine to preclude the expert testimony of Plaintiffs' witness Dr. Jonathan Beatty (Doc. 319) is **GRANTED**, but Dr. Beatty will be permitted to testify as fact witness.

2. The Association Defendants' motions in limine to preclude the supplemental expert testimony of Plaintiffs' witnesses Gary Young and Dr. Barry Root (Doc. 344; Doc. 380) are **DENIED**.

3. Defendants Bella Chernov (Doc. 325) and Queensboro PA's (Doc. 327) motions in limine are deemed **WITHDRAWN** at the request of the parties.

4. The motions in limine filed by Plaintiffs (Doc. 302) and the Association Defendants (Doc. 309) seeking to preclude the expert testimony of Michael Zazula and Patrick McGinley, respectively, are each **DENIED** to the extent that they challenge the qualifications of Mr. Zazula and Mr. McGinley as experts in the field of fire and gas explosion investigations.

5. The motion in limine filed by Plaintiffs seeking to preclude as cumulative the expert testimony of the Association Defendants' witnesses Peter Anderson, Robert Buckley, and Michael Zazula (Doc. 300); as well as the portions of the motions in limine filed by the Association Defendants seeking to preclude as cumulative the expert testimony of Plaintiffs' witnesses Charles Graziano, Robert Illo, and Patrick McGinley (Doc. 310, at 21-22; Doc. 312, at 25-26; Doc. 314, at 25-26); are **DENIED WITHOUT PREJUDICE**.

An appropriate Order follows.

BY THE COURT:

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**