**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., a/s/o VILLAGE AT CAMELBACK PROPERTY OWNER ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUEENSBORO FLOORING CORP., et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:10-CV-01559<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

I. **BACKGROUND**

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania.[1] The parties have filed a number of motions in advance of trial in this matter, and the Court now addresses two of those motions.

II. **DISCUSSION**

A. MOTION FOR RECONSIDERATION

Dmitry Epelboym (herein referred to as "Epelboym") was an Additional Defendant, Third Party Defendant and/or a cross-claim Defendant in the action filed by Queensboro Professional Wood Flooring and/or Queensboro Flooring PA Corp. Epelboym is the son of

---

[1] Another case, *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, was consolidated into this action on March 15, 2012. (Doc. 31).

Bella Chernov, the owner of a condominium unit located at 298 Overlook Way, The Village of Camelback, Monroe County, Pennsylvania. Epelboym settled all claims against him by Queensboro Professional Wood Flooring and/or Queensboro Flooring PA Corp., and notified the Court at the March 28, 2016 pre-trial conference. (Doc. 393). Defendant Queensboro Professional Wood Flooring filed a notice of voluntary dismissal of their third-party claim against Epelboym on March 29, 2016. (Doc. 395). Defendant Queensboro Flooring Pa Corp. filed a notice of voluntary dismissal of their third-party claim against Epelboym on March 31, 2016. (Doc. 399). The Plaintiff maintains no separate cause of action against Epelboym. As of March 31, 2016, there were no pending claims against Epelboym. At the pre-trial conference on March 28, 2016, with the case pending for several years, Defendant Village at Camelback Property Owners Association, Inc. (herein referred to as "Defendant Association"), made a verbal motion for leave of court to file a third-party complaint against Epelboym pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure. Argument was made on that motion, and Epelboym presented argument against that motion. The parties were advised that the Court would take the matter under advisement and issue a ruling on the motion. On April 7, 2016, this Court entered an Order, Memorandum and Opinion granting Defendant Association's motion for leave to file a third-party complaint less than four weeks prior to trial. (Doc. 409). Epelboym has now filed a motion for reconsideration (Doc. 418) of the Court's Order granting the Defendant Association's motion for leave to file a third-party complaint.

  A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171, 106 (1986); *Sibio v. Borough of Dunmore*, No. 3:06-CV-0995, 2007 WL 1173769, at *1 (M.D. Pa.

Apr. 18, 2007). In order to prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "With regard to the third ground, . . . any litigant considering bringing a motion to reconsider . . . should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992) (citation omitted). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal citation omitted).

First, Epelboym cites to Local Rule 7.1 as a basis for his motion for reconsideration. Local Rule 7.1 states, in part, that "[a] motion must be written . . . . " Specifically, Epelboym contends that Defendant Association did not submit its motion for leave of court to file a third-party claim in writing as required by Local Rule 7.1.

A district court has discretion to depart from the local rules so long as it has a sound rationale for doing so, and it does not unfairly prejudice the party relying on the particular local rule. *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203 (3d Cir. 2000). In *United States v. Eleven Vehicles, Their Equip. & Accessories*, the Third Circuit held as follows:

> Other courts of appeal that have addressed the authority of a district court to depart from its local rule have uniformly determined that district courts possess inherent discretion to depart. *See Somlyo v. J. Lu–Rob Enter., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991); *United States v. Diaz–Villafane*, 874 F.2d 43, 45–46 (1st Cir.) (noting and applying "widely-accepted idea that a district court should be accorded considerable latitude in applying local procedural rules of its own making, and in departing from them."), *cert. denied*, 493 U.S. 862, 110 S. Ct. 177, 107 L. Ed. 2d 133 (1989); *Braxton v. Bi–State Dev. Agency*, 728 F.2d 1105, 1107

> (8th Cir.1984) ("It is for the district court to determine what departures from its rules may be overlooked."). Some of these courts have permitted district courts to depart from local rules even when the local rule is phrased in mandatory language. In *Somlyo*, Chief Judge Oakes of the Second Circuit, in the face of a mandatory local rule, held: "The district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule." 932 F.2d at 1048. *See also Braxton*, 728 F.2d at 1107. . . . We therefore hold that a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment.
>
> *Id.* at 215.

With that legal framework in mind, it is clear that the Court's departure from the strictures of Local Rule 7.1 was appropriate. First, in allowing the Defendant Association to move for leave to file the third-party complaint orally, rather than require the motion to be made in writing with associated briefing, the Court was exercising its discretion to manage the extensive docket in this case in an efficient manner. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging the inherent power of the district court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Indeed, given that trial in this matter was quickly approaching, and that the parties were afforded the opportunity to address any arguments pertaining to this motion at the pre-trial conference, the Court exercised its inherent power to manage its caseload and control its docket by permitting the motion to be raised orally. *See Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases."). Second, it is evident that Epelboym did not rely on Local Rule 7.1 to his detriment, as he did not contest at the pre-trial conference that the motion was raised orally, nor did he request that argument on the motion be postponed until such time as the

parties could submit briefing in writing. Moreover, Epelboym did not suffer any unfair prejudice as a result of the Court entertaining the Defendant Association's motion orally because all parties had a full opportunity to make argument for or against the motion at the time of the pre-trial conference on March 28, 2016, which took place in open court, on the record.

Epelboym next moves this Court to reconsider its Order granting the Defendant Association's leave to file a third-party complaint on the basis that there was no excusable delay in the Defendant Association's failure to timely file its motion, or any good cause shown for the delay. Epelboym is not asking the Court to reconsider its ruling on the basis of the availability of new evidence or any intervening change in controlling law. Epelboym reiterates the arguments made at the time of the oral motion, the crux of which is that the Defendant Association's motion is untimely and there is no excuse for the delay. These arguments were made fully before the Court at the time of the pre-trial conference, and addressed in its Order on the Defendant Association's motion for leave to file the third-party complaint.

In seeking reconsideration, Epelboym focuses on the issue of the delay of the Defendant Association in moving for leave to file the third-party complaint, and in doing so, relies heavily on a decision from 1978 out of the United States District Court for the Eastern District of Pennsylvania, *Delco Wire & Cable Co. v. Keystone Roofing Co.*, 80 F.R.D. 428 (E.D. Pa. 1978). The Court notes, however, that the court in that case held as follows:

> [T]he excusability of defendant's delay in moving has not been the only factor to which attention has been addressed. There has been consideration of potential prejudice to the plaintiff and also to the proposed third-party defendant, and 'whether the addition of the third-party complaint will avoid circuity of action and settle related matters in one suit,' *Benetz v. Photon*, 24 F.R.Serv.2d 57 (E.D. Pa. 1976), or will unduly complicate the trial of the matter.

>*Delco Wire & Cable Co. v. Keystone Roofing Co.*, 80 F.R.D. 428, 430 (E.D. Pa. 1978).

In considering the motion for leave to file the third-party complaint, the Court addressed each of the factors, as more fully set forth in the more recent case from this District, *Knopick v. Downey*, No. 1:09-CV-1287, 2013 WL 6002350, at *6 (M.D. Pa. Nov. 12, 2013), which requires the court, upon finding a proper substantive basis for the claim,[2] to exercise its discretion in determining whether to grant leave to file the third-party complaint by considering (1) the timeliness of the motion; (2) the probability of trial delay; (3) the possible prejudice to the plaintiff; and (4) the complication of issues at trial. The Court considered each of these factors in full. Epelboym does not raise any new issue of law or argument not previously made in his argument against the motion for leave to file. The Court further notes and emphasizes that the addition of Epelboym as a third-party defendant at this juncture avoids circuity of action and settles related matters in one suit. These factors outweigh the others in reaching the conclusion that leave should be granted to file the third-party complaint.

Further, Epelboym notes that he did not choose to participate in the depositions of party Defendant Kathleen Simoncic, Carl Karchner, or the Defendant Association's experts. However, the decision not to participate in these depositions, despite the fact that Epelboym **was still a party to the case up to the date of the pre-trial conference**, was a strategy decision on the part of Epelboym. Further, the Court issued its ruling permitting the filing of the third-party complaint on **April 7, 2016**, nearly one month before trial was set to commence, enough time to seek leave to depose any of the witnesses in advance of the trial. The Court is unaware

---

[2] The Court notes that **at no time either at oral argument or in his motion for reconsideration** did Epelboym raise the issue that there is not a substantive basis for his claim.

of any attempt by Epelboym to take the depositions of any of these individuals since the issuance of its Order of April 7, 2016. Epelboym also raises the issue of time to file a responsive pleading to the third-party complaint as a reason to delay trial. However, the docket reveals that on April 25, 2016, Epelboym filed a motion to dismiss and motion to strike the third-party complaint. The Court, in light of the upcoming trial, has issued an expediting briefing schedule and expects them to be resolved before the start of trial. Although Epelboym raises these issues as reasons for why trial must be delayed, as more fully set forth below, the Court will deny Epelboym's motion to continue trial.

Finally, Epelboym expresses concern over the prejudice **to Plaintiffs** in allowing the third-party complaint to be filed. However, as noted in the Court's original Memorandum of April 7, 2016, the Plaintiffs raised no opposition to the filing of the third-party complaint, and as such, the Court is hard pressed to find that there is any prejudice to them.

For the foregoing reasons, the Court will deny Epelboym's motion for reconsideration.

B. MOTION TO CONTINUE TRIAL

Epelboym has also filed a motion to continue trial. (Doc. 423). Rulings on requests for extension of time rest in the sound discretion of the court. *Miller v. Ashcroft*, 76 F. App'x 457, 461 (3d Cir. 2003). That discretion is guided, however, by certain basic principles. Thus, under this abuse of discretion standard, a trial court's control of its docket will not be disturbed "'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.'" *Id*. (citations omitted). Moreover, any party challenging a ruling denying a continuance request, "ha[s] a heavy burden to bear, . . . as matters of docket control and conduct of [litigation] are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (citations omitted).

Furthermore, when exercising this discretion, the Court must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998) (affirming denial of request for extension of time). In this case, the explosion and fire occurred in July 2009, **nearly seven years prior to the scheduled trial date in this matter**. This lawsuit commenced more than six years ago. Trial has been scheduled to begin on May 2, 2016 for **over six months.** Recognizing that "justice . . . requires that the merits of a particular dispute be placed before the court in a timely fashion" the time has now come for the trial of this case on its merits. *McCurdy*, 157 F.3d at 197. For these reasons, the Court will deny the motion to continue trial.

    An appropriate Order follows.

                                              **BY THE COURT:**

Date: April 27, 2016                       *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **United States Magistrate Judge**