## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

COMMUNITY ASSOCIATION
UNDERWRITERS OF AMERICA, INC.,
a/s/o VILLAGE AT CAMELBACK
PROPERTY OWNER ASSOCIATION,
et al.,

                 Plaintiffs,

    v.

QUEENSBORO FLOORING CORP.,
et al.,

                 Defendants.

CIVIL ACTION NO. 3:10-CV-01559

(MEHALCHICK, M.J.)

### MEMORANDUM OPINION

### I.   BACKGROUND

This is a consolidated action concerning property damage and personal injury claims arising out of an explosion and fire in July 2009 that occurred during construction work at a townhouse located in Tannersville, Pennsylvania.[1] The parties have filed a number of motions in advance of trial in this matter, and the Court now addresses two of those motions.

### II.   DISCUSSION

Dmitry Epelboym was named as an Additional Defendant, third-party Defendant and/or a cross-claim Defendant in actions filed by Queensboro Professional Wood Flooring, LLC ("Queensboro Professional") and Queensboro Flooring PA Corp. ("Queensboro PA"). (Doc. 45; Doc. 91; Doc. 92; Doc. 93). Epelboym is the son of Bella Chernov, the owner of a

---

[1] Another case, *Pozarlik v. Camelback Associates, Inc.*, No. 3:11-CV-1349, was consolidated into this action on March 15, 2012. (Doc. 31).

condominium unit located at 298 Overlook Way, The Village of Camelback, Monroe County, Pennsylvania. After proceeding in this case for a number of years, Epelboym settled all claims against him by Queensboro Professional and Queensboro PA, and notified the Court at the March 28, 2016 pre-trial conference. (Doc. 393). Queensboro Professional filed a notice of voluntary dismissal of their third-party claim against Epelboym on March 29, 2016. (Doc. 395). Queensboro PA filed a notice of voluntary dismissal of their third-party claim against Epelboym on March 31, 2016. (Doc. 399). The Plaintiff maintains no separate cause of action against Epelboym. Therefore, as of March 31, 2016, there were no pending claims against Epelboym.

At the pre-trial conference on March 28, 2016, with the case pending for several years, Defendant Village at Camelback Property Owners Association, Inc., and its property manager, Kathleen Simoncic  (collectively, the "Association Defendants"), made a verbal motion for leave of court to file a third-party complaint against Epelboym pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure. Epelboym was present when the motion was raised and presented oral argument against the motion. The parties were advised that the Court would take the matter under advisement and issue a ruling on the motion. On April 7, 2016, this Court entered an Order, Memorandum and Opinion granting the Association Defendants' motion for leave to file a third-party complaint. (Doc. 408; Doc. 409). Epelboym filed a motion for reconsideration (Doc. 418) of the Court's Order granting the Defendant Association's motion for leave to file a third-party complaint, which the Court denied on April 27, 2016 (Doc. 459; Doc. 460). Now before the Court are two additional motions filed by Epelboym, a motion to strike (Doc. 445) and a motion to dismiss (Doc. 446) the Association Defendants' third-party complaint, which assert many of the same arguments the Court has already considered and rejected from oral argument and the motion for reconsideration.

A. Motion to Strike

Rule 14(a)(4) of the Federal Rules of Civil Procedure provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "Motions to strike, however, are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Krisa v. Equitable Life Assur. Soc.*, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000) (internal quotation omitted). In considering a motion to strike a third-party complaint, federal courts consider the same factors as those used to determine whether joinder is proper in the first instance. *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 848 n.7 (M.D. Pa. 1985); *see Knopick v. Downey*, No. 1:09-CV-1287, 2013 WL 6002350, at *6 (M.D. Pa. Nov. 12, 2013) (listing factors for consideration in determining whether a court should grant leave to file a third-party complaint, including: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the possible prejudice to the plaintiff; and (4) the complication of issues at trial").

Here, Epelboym has filed a motion to strike the Association Defendants' third-party complaint (Doc. 445), along with a brief in support thereof (Doc. 462). The Association Defendants filed a brief in opposition to the motion to strike on April 29, 2016. (Doc. 479). In the brief in support of his motion to strike, Epelboym argues that the Association Defendants' third-party complaint should be stricken because: (1) the third-party complaint is untimely and (2) the Association Defendants improperly claim that Epelboym is "solely liable" to Plaintiffs. (Doc. 462, at 5). For the following reasons, the Court will deny in part Epelboym's motion to strike.

### 1.  Timeliness of the Third-Party Complaint

Epelboym first argues that the third-party complaint should be stricken as untimely. (Doc. 462, at 7). However, as the Court has already explained in granting leave for the Association Defendants to file their third-party complaint (Doc. 408) and in denying Epelbyom's motion for reconsideration (Doc. 459), timeliness alone is not dispositive of the Court's determination of whether to grant leave. As the Court explained in denying Epelboym's motion for reconsideration:

> In considering the motion for leave to file the third-party complaint, the Court addressed each of the factors, as more fully set forth in the more recent case from this District, *Knopick v. Downey*, which requires the court,  upon finding a proper substantive basis for the claim, to exercise its discretion in determining whether to grant leave to file the third-party complaint by considering (1) the timeliness of the motion; (2) the probability of trial delay; (3) the possible prejudice to the plaintiff; and (4) the complication of issues at trial. The Court considered each of these factors in full. Epelboym does not raise any new issue of law or argument not previously made in his argument against the motion for leave to file. The Court further notes and emphasizes that the addition of Epelboym as a third-party defendant at this juncture avoids circuity of action and settles related matters in one suit. These factors outweigh the others in reaching the conclusion that leave should be granted to file the third-party complaint.

(Doc. 459, at 6) (citation and footnote omitted).

Given that the motions to strike "are not favored" and that consideration of a motion to strike entails the same analysis that the Court recently performed in granting leave for the Association Defendants to file their third-party complaint, the Court will decline Epelboym's invitation to reject the conclusions it reached just two days ago in denying Epelboym's motion for reconsideration. (Doc. 459); *Krisa*, 109 F. Supp. 2d at 319; *Pitcavage*, 632 F. Supp. at 848 n.7. Accordingly, the Court finds that the Association Defendants' untimeliness is outweighed by the judicial economy of trying the common questions of fact in this case together.

### 2. Improper Impleader

Epelboym next alleges that impleader under Rule 14(a) is improper here because of the Association Defendants' claim that Epelboym is "solely liable" to Plaintiffs in the Association Defendants' third-party complaint. (Doc. 462, at 11-13). As Epelboym notes, "[i]t is no longer possible under Rule 14, as it was prior to the 1948 amendment to the rule, to implead a third party claimed to be solely liable to the plaintiff." *Barab v. Menford*, 98 F.R.D. 455, 456 (E.D. Pa. 1983) (citing *Millard v. Mun. Sewer Auth. of Lower Makefield Twp.*, 442 F.2d 539, 541 (3d Cir. 1971)). Accordingly, "under Rule 14(a), a third-party complaint is appropriate only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the plaintiff." *Barab*, 98 F.R.D. at 456.

In their third-party complaint, the Association Defendants sufficiently make clear that their claim for contribution and/or indemnity against Epelboym is derivative of Plaintiffs' claims against the Association Defendants. (Doc. 411, at ¶ 18 ("If Plaintiffs Pozarlik were to prevail against defendants, it is believed that the third party defendant, Epelboym[,] is liable to moving defendants for all or part of the Plaintiffs' claims.")). Thus, the Association Defendants do not inappropriately allege a wholly independent claim against Epelboym. *See Tiesler*, 76 F.R.D. at 642 ("Impleader is proper and the claim not separate or independent if the third party's liability is in some way derivative of the outcome of the main claim in that the defendant seeks to hold the third party secondarily liable to him or to pass on to the third party all or part of the liability asserted against the defendant."). Admittedly, however, some confusion appears to be caused by the final paragraph of the Association Defendants' third-party complaint. (Doc. 462, at 12). This paragraph states:

> Defendants Village at Camelback POA Inc and Simoncic further aver that third party defendant Dimitry Epelboym is **soley liable** to plaintiffs Pozarliks and are

liable with, to or over to defendants if defendants are found to be liable to the plaintiffs and all such liability being specifically denied and files this third party complaint to protect their rights of contribution and indemnity.

(Doc. 411, at ¶ 20) (emphasis added).

Although the Association Defendants inappropriately allege that Epelboym is solely liable to Plaintiffs, later in this same sentence the Association Defendants properly note that they assert a claim of secondary liability; Epelboym would be liable "if defendants [(*i.e.*, the Association Defendants)] are found to be liable to the plaintiffs . . . ." (Doc. 411, at ¶ 20). The Court declines Epelboym's invitation to put form over substance here and dismiss the Association Defendants' third-party complaint on the basis of this lone brief misstatement of law, particularly where it is apparent elsewhere in the complaint that the Association Defendants assert a permissible claim for contribution under Rule 14(a) on the basis of Epelboym's alleged joint liability for Plaintiffs' injuries. Nonetheless, out of an abundance of caution, the Court shall strike the statement in paragraph 20 of the third-party complaint that claims Epelboym is solely liable to plaintiffs.

In all other respects, however, Epelboym's motion to strike (Doc. 445) is denied.

B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Epelboym has filed a motion to dismiss the Association Defendants' third-party complaint (Doc. 446), along with a brief in support thereof (Doc. 461). The Association

Defendants filed a brief in opposition to the motion to dismiss on April 29, 2016. (Doc. 478). In the brief in support of his motion to dismiss, Epelboym argues that the Association Defendants' third-party complaint should be dismissed because: (1) the Association Defendants fail to state a claim; (2) the Association Defendants improperly claim that Epelboym is "solely liable" to Plaintiffs; and (3) Epelboym is entitled to immunity as a statutory employer. (Doc. 461, at 6-7). For the following reasons, the Court rejects each argument and will deny the motion to dismiss.

### 1.  Failure to State a Claim

Epelboym first alleges that the Association Defendants' third-party complaint should be dismissed for the failure to state a claim against him. (Doc. 461, at 8). Under Federal Rule of Civil Procedure 14(a), a third-party complaint may be served "on a nonparty who is or may be liable to it for all or part of the claim against [the original defendant]." Rule 14(a) requires that the original defendant has some substantive basis for asserting a claim against the third party. *Tiesler v. Martin Paint Stores, Inc.*, 76 F.R.D. 640, 643 (E.D. Pa. 1977). Because this is a diversity action, the substantive basis for a third-party claim is governed by Pennsylvania law. In Pennsylvania, "[t]he right of contribution exists among joint tort-feasors." 42 Pa. Cons. Stat. § 8324. Pennsylvania defines "joint tort-feasors" as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. Cons. Stat. § 8322. Furthermore, "'[j]oint liability' is defined as 'liability shared by two or more parties.'" *Sehl v. Neff*, 26 A.3d 1130, 1133 (Pa. Super. Ct. 2011) (quoting Black's Law Dictionary, at 933 (8th ed. 2004)).

In their third-party complaint, the Association Defendants allege: "If Plaintiffs Pozarlik were to prevail against defendants, it is believed that the third party defendant, Epelboym[,] is liable to moving defendants for all or part of the Plaintiffs' claims." (Doc. 411, at ¶ 18). The

Association Defendants thus sufficiently plead a claim of contribution under Pennsylvania law. Nonetheless, Epelboym argues that the Association Defendants' third-party complaint insufficiently explains how Epelboym will be liable to the Association Defendants if it is established that the Association Defendants are liable to Plaintiffs. However, this argument mistakes Rule 14's liberal pleading standard. "Under Rule 14(a), the allegations of the third-party complaint need not show that the recovery is a certainty and the complaint should be allowed to stand if, under some construction of the facts, which might be adduced at trial, recovery would be possible." *Stiber v. United States*, 60 F.R.D. 668, 669 (E.D. Pa. 1973). In rejecting an earlier motion for summary judgment brought by Epelboym seeking to dismiss claims for indemnity and/or contribution brought by former parties to this case, this Court already found that recovery against Epelboym may be possible under some construction of the facts at trial, as a jury could find that Epelboym shared liability for Plaintiffs' injuries. (Doc. 291, at 26-35). Specifically, the Court found that Epelboym may have negligently caused Plaintiffs' injuries in failing to warn of the unreasonable risk of harm that the heater would not be removed safely by the Ukrainian workers and in retaining control over the construction project while failing to exercise reasonable care. (Doc. 291, at 28-35). The facts alleged in the Association Defendants' third-party complaint are wholly consistent with these two theories of liability. (Doc. 411). Thus, under some construction of the facts that might be adduced at trial, the Association Defendants' may be able to recover under a right of contribution due to Epelboym's shared liability for Plaintiffs' injuries.

### 2. Improper Impleader

Epelboym next alleges that impleader under Rule 14(a) is improper here because the Association Defendants claim that Epelboym is "solely liable" to Plaintiffs in the Association

Defendants' third-party complaint. (Doc. 461, at 12-13). This argument is duplicative of the second argument in Epelboym's motion to strike. (Doc. 462, at 11-13). Because this issue has already been fully addressed by the Court in its consideration of Epelboym's motion to strike, the Court will adopt that reasoning and not repeat its analysis here. *See supra* Part II.A.2.

### 3. Statutory Employer Immunity

Epelboym's final argument is that he is immune from suit under the Association Defendants' and Plaintiffs' theory of liability that Epelboym served as the general contractor, because he would qualify as a statutory employer under Pennsylvania law. (Doc. 461, at 14). Pursuant to the Pennsylvania Workmen's Compensation Act (the "Act"), 77 Pa. Stat. § 1, *et seq.*, an injured employee is entitled to immediate benefits in exchange for forfeiting the right to sue his or her employer for those injuries. 77 Pa. Stat. § 481(a). Under the Act, a contractor may potentially qualify as a statutory employer. 77 Pa. Stat. § 52. In *McDonald v. Levinson Steel Company*, the Pennsylvania Supreme Court established that a contractor qualifies as a statutory employer and gains immunity from negligence claims brought by injured employees if the following elements are met: (1) the employer was under contract with an owner or one in the position of an owner; (2) the premises were occupied by or under the control of the employer; (3) the employer entered into a subcontract;  (4) part of the employer's regular business was entrusted to the subcontractor; and (5) the injured party was an employee of the subcontractor. 153 A. 424, 426 (Pa. 1930); *Pozza v. United States*, 324 F. Supp. 2d 709, 711-12 (W.D. Pa. 2004). Although *McDonald* has been the seminal case for determining whether a contractor qualifies as a statutory employer for the past eight decades, the Pennsylvania Supreme Court fairly recently clarified that "[i]n determining whether a party is a statutory employer, courts should construe

the elements of the *McDonald* test strictly and find statutory employer status only when the facts clearly warrant it." *Peck v. Delaware Cty. Bd. of Prison Inspectors*, 814 A.2d 185, 189 (Pa. 2002).

In applying a strict interpretation of the *McDonald* test here, it is clear that Epelboym does not meet all the elements needed to qualify as a statutory employer. First, Epelboym was not under contract with an owner or one in the position of an owner. "Under this [element of the *McDonald*] test, an entity cannot serve in a dual capacity as 'owner' and 'employer.'" *Peck*, 814 A.2d at 190. Thus, "an owner is not a statutory employer . . . ." *McDonald*, 153 A. at 426. There is a dispute of fact in this case as to whether Epelboym held himself out to be the owner, thus precluding immunity as a statutory employer. Moreover, Epelboym does not allege—and no evidence has shown—that Epelboym operated under a contract with Bella Chernov. Accordingly, Epleboym fails to meet the first element of the *McDonald* test. Even if Epelboym had a contract with Chernov, however, Epelbyom also fails the fourth element of the *McDonald* test that requires part of the employer's regular business to be entrusted to the subcontractor. In the brief in support of his motion to dismiss, counsel for Epelboym freely admits that Epelboym's regular business is a dentistry practice in New York City; he is not a building contractor by trade. (Doc. 461, at 4). Accordingly, the construction work at Unit 298 is not part of Epelboym's regular business. *See Pozza*, 324 F. Supp. 2d at 713 (holding that the United States Air Force is not entitled to immunity as a statutory employer for claims brought by landscaper injured while raking airfield because landscaping and premises maintenance are not part of the Air Force's regular business). Because Epelboym clearly fails to meet at least two of the five elements of the *McDonald* test, he is not entitled to immunity as a statutory employer.

An appropriate Order follows.

BY THE COURT:

Dated: April 29, 2016                                    s/ Karoline Mehalchick
                                                         KAROLINE MEHALCHICK
                                                         United States Magistrate Judge